**Russell K. Ryan, #139835**
**MOTSCHIEDLER, MICHAELIDES,**
**WISHON, BREWER & RYAN, LLP**
**1690 West Shaw Avenue, Suite 200**
**Fresno, California  93711**
**Telephone (559) 439-4000**
**Facsimile (559) 439-5654**

Attorneys for Plaintiff
H.P.D. CONSOLIDATION, INC., dba
VALLEY WINE WAREHOUSE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H.P.D. CONSOLIDATION, INC., dba VALLEY WINE WAREHOUSE, <br><br> Plaintiff, <br><br> v. <br><br> JOSE PINA aka JOSE LUIS PIEDRA, EDWIN WHITEFIELD, DAVID L. BORGES, MICHAEL SHEMALI, RAJIV MALHAN, WINES OF THE WORLD, LLC, individually and dba HOOKED ON WINE, TRI CITIES LIQUOR & SPIRITS, LLC individually and dba MID COLUMBIA WINE & SPIRITS, HI-TIME WINE CELLARS, MATT MYERS, individually and dba MATT MYERS WINE, SANDRA RODRIGUEZ, EDUARDO RODRIGUEZ, SANDI'S PET PLACE, INC., and BELMONT WINE EXCHANGE, LLC, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR ACQUISITION AND MAINTENANCE OF AN INTEREST IN AND CONTROL OF AN ENTERPRISE ENGAGED IN A PATTERN OF RACKETEERING ACTIVITY, CONDUCT AND PARTICIPATION IN A RICO ENTERPRISE THROUGH A PATTERN OF RACKETEERING ACTIVITY, CONSPIRACY TO ENGAGE IN A PATTERN OF RACKETEERING ACTIVITY, UNFAIR COMPETITION, CONVERSION AND EMBEZZLEMENT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff H.P.D. Consolidation, Inc. dba Valley Wine Warehouse

("**Plaintiff**") alleges against the above-named defendants, and each of them, as follows:

MOTSCHIEDLER,
MICHAELIDES,
WISHON, BREWER &
RYAN, LLP

-1-

{00236/0060C2C//439641.DOC}    Complaint for RICO, Unfair Competition, Etc.

**INTRODUCTION**

1.     This is civil action for RICO remedies authorized by the federal statutes at 18 U.S.C. 1961 et seq., for declaratory and injunctive relief, for actual, consequential and exemplary damages, and for all other relief which may be deemed just and proper under all circumstances which have occasioned the filing of this initial complaint. See 18 U.S.C. §§ 1964(a) and (c) ("Civil RICO").

2.     The primary cause of this action is a widespread criminal enterprise engaged in a pattern of racketeering activity of selling stolen wine across state lines, and a conspiracy to engage in racketeering activity involving numerous RICO predicate acts within at least the past three calendar years.  This complaint also includes pendent state claims for unfair competition, conversion and embezzlement under California law.

3.     The predicate acts alleged here cluster around criminal trafficking in stolen wine, interstate transportation of stolen property, obstruction of justice, obstruction of criminal investigations, obstruction of State and local law enforcement. See 18 U.S.C. §§ 2319, 2320, 1512, 1513, 2315, 1503, 1510, 1511 and 1581-1588 respectively.

4.     Other RICO predicate acts, although appearing to be isolated events, were actually part of the overall conspiracy and pattern of racketeering activity alleged herein, e.g. mail fraud and bank fraud.  See 18 U.S.C. §§ 1341 and 1344, respectively.

**JURISDICTION AND VENUE**

5.     Jurisdiction of this court is involved pursuant to 28 U.S.C. §§ 1331, 1343, 2201 and 2202, 18 U.S.C. §§1341, 1344, 1861 and 1964(a) 617, the holdings of *Tafflin v. Levitt*, 493 U.S. 455 (1990) and *Lou v. Belzberg*, 834 F.2d 730 (9th Cir. 1987) and the doctrine of pendent jurisdiction.

6.     Venue is appropriate pursuant to 28 U.S.C. section 1391 because the plaintiff resides in the Northern District of California as do at least defendants Jose Pina, Edwin Whitefield and Belmont Wine Exchange, LLC.  The other defendants regularly conduct business within the Northern District of California and engaged in

MOTSCHIEDLER,
MICHAELIDES,
WISHON, BREWER &
RYAN, LLP

{00236/0060C2C//439641.DOC}     Complaint for RICO, Unfair Competition, Etc.

many of the criminal acts, racketeering, criminal enterprises and conspiracy as more fully alleged below in the Northern District of California.

## THE PARTIES

7.      Plaintiff H.P.D. Consolidation, Inc. dba Valley Wine Warehouse is, and at all times was, a corporation organized and existing under the laws of the State of California, and is doing business in the County of Napa providing wine storage, logistics and other services related to the wine industry.  Prior to the commencement of this action, any claims that could have been pursued directly by the prior owners of the stolen wine detailed below, were assigned to Plaintiff, and Plaintiff now has all legal right and authority to prosecute this action on its behalf as well as all who were deprived of property, and personal and property rights, as a result of the unlawful conduct set forth below.

8.      Defendant Jose Pina aka Jose Luis Piedra ("**Pina**"), is an individual Plaintiff is informed and believes lived in the County of Solano, State of California at the time of the theft.  Pina was previously employed by Plaintiff, was one of the individuals involved in the actual physical theft of wine and was and is an integral part of the conspiracy and criminal enterprise alleged in more detail below.

9.      Defendant Edwin Whitefield is an individual Plaintiff is informed and believes lives in the County of Solano, State of California.  Whitefield is believed to, at a minimum, have assisted and conspired with Pina in the actual physical theft of wine and was and is an integral part of the conspiracy and criminal enterprise alleged in more detail below.

10.      Defendant David L. Borges is an individual Plaintiff is informed and believes lives in the County of Solano, State of California.  Borges is believed to, at a minimum, have assisted and conspired with Pina in the actual physical theft of wine and was and is an integral part of the conspiracy and criminal enterprise alleged in more detail below.

11.      Defendant Michael Shemali is an individual Plaintiff is informed and believes lives in the State of Washington, but does business in the State of

MOTSCHIEDLER,
MICHAELIDES,
WISHON, BREWER &
RYAN, LLP

-3-

{00236/0060C2C//439641.DOC}      Complaint for RICO, Unfair Competition, Etc.

California, particularly the County of Napa in the Northern District of California, as a broker and seller of wines throughout California and the United States.  Shemali is an integral part of the conspiracy and criminal enterprise alleged in more detail below.

12.     Defendant Rajiv Malhan is an individual Plaintiff is informed and believes lives in the State of Washington, but does business in the State of California, particularly the County of Napa in the Northern District of California, as a broker and seller of wines throughout California and the United States and internationally.  Malhan is an integral part of the conspiracy and criminal enterprise alleged in more detail below.

13.     Defendant Wines of the World, LLC is a limited liability company organized and existing under the laws of the State of Washington and does business under its own name and through the fictitious business name of Hooked on Wine, a name used for the sale of wine online through a website.  Wines of the World, LLC does business in the State of California, particularly the County of Napa in the Northern District of California, as a broker and seller of wines throughout California, the United States and perhaps internationally.  Wines of the World, LLC is an integral part of the conspiracy and criminal enterprise alleged in more detail below.

14.     Defendant Tri Cities Liquor and Spirits, LLC is a limited liability company organized and existing under the laws of the State of Washington and does business under its own name and through the fictitious business name of Mid Columbia Wine & Spirits, a name used for the sale of wine online through a website.  Tri Cities Liquor and Spirits, LLC does business in the State of California, particularly the County of Napa in the Northern District of California, as a broker and seller of wines throughout California, the United States and perhaps internationally.  Tri Cities Liquor and Spirits, LLC is an integral part of the conspiracy and criminal enterprise alleged in more detail below.

15.     Defendant Hi-Time Wine Cellars is a business of unknown form believed to be organized and existing under the laws of the State of California and does business at both a physical location in Orange County, California as well as engaging in

MOTSCHIEDLER,
MICHAELIDES,
WISHON, BREWER &
RYAN, LLP

-4-

the sale of wine online through a website.  Hi-Time Wine Cellars does business in the State of California, particularly the County of Napa in the Northern District of California, as a broker and seller of wines throughout California, the United States and perhaps internationally.  Hi-Time Wine Cellars is an integral part of the conspiracy and criminal enterprise alleged in more detail below.

16.     Defendant Matt Myers is an individual Plaintiff is informed and believes lives in the State of Arizona, but does business in the State of California, particularly the County of Napa in the Northern District of California, as a broker and seller of wines throughout California and the United States under both his own name and the name of Matt Myers Wine.  Myers is an integral part of the conspiracy and criminal enterprise alleged in more detail below.

17.     Defendants Sandra Rodriguez and Eduardo Rodriguez are individuals Plaintiff is informed and believes live in Orange County, California and assisted Myers in the transportation, delivery and sale of wine stolen from Plaintiff in the State of California.  Sandra Rodriguez and Eduardo Rodriguez  are an integral part of the conspiracy and criminal enterprise alleged in more detail below.

18.     Defendant Sandi's Pet Place, Inc. is a corporation organized and existing under the laws of the State of California with its principal place of business in Costa Mesa, California.  Sandi's Pet Place, Inc. assisted Myers in the transportation, delivery and sale of wine stolen from Plaintiff in the State of California and serve as a "front"—a conduit—for and on behalf of Sandra Rodriguez, Eduardo Rodriguez and/or Myers for the transportation, deliver and sale of wine stolen from Plaintiff, and perhaps from wine stole from others as well.

19.     Defendant Belmont Wine Exchange, LLC is a limited liability company organized and existing under the laws of the State of California, with its principal place of business in Hayward, California.  Belmont Wine Exchange, LLC does business in the State of California, particularly the counties of Napa and Alameda in the Northern District of California, as a broker and seller of wines throughout California,

MOTSCHIEDLER,
MICHAELIDES,
WISHON, BREWER &
RYAN, LLP

-5-

{00236/0060C2C//439641.DOC}        Complaint for RICO, Unfair Competition, Etc.

the United States and perhaps internationally.  Belmont Wine Exchange, LLC is an integral part of the conspiracy and criminal enterprise alleged in more detail below.

## GENERAL ALLEGATIONS

20.     Plaintiff operates and manages a large wine storage facility in American Canyon, California.  Plaintiff discovered during 2014 a shortage and loss of cases of relatively rare or hard-to-get wines, many of which were valued in excess of $100.00 per bottle.  This shortage came to Plaintiff's attention when an employee of a wine broker known to Plaintiff approached Plaintiff and advised it that she had seen for sale on a website owned and managed by defendant Hi-Time Wine Cellars a particular wine that was being sold in retail packaging that was not available to the general public; in fact, the only way bottles of this particular wine could be obtained in the packaging being advertised on the website was from Plaintiff's wine storage facility.  This disclosure prompted Plaintiff to investigate possible theft of wine from Plaintiff's wine storage facility and it in fact determined that substantial amounts of wine were missing and likely being stolen from Plaintiff's facility.

21.     Plaintiff was obviously quite concerned about the theft and started taking measures to prevent more wine from going missing, along with using its best efforts to determine who was behind the theft and how it was occurring.  This included, without limitation, dramatically increasing the security at the wine storage facility and as well as commencing an investigation into the possible theft of the wine.  Rumors were that one or more of Plaintiff's employees may have been part of a gang out of Vallejo, California that was rumored to be part of a wine theft ring that was blamed for having burned down a 300,000 square foot wine storage facility in Vallejo, California to conceal evidence relating to thefts from that facility.  As a result, Plaintiff incurred increased security costs of at least $1.3 million.

22.     Through the investigation and other actions, Plaintiff discovered that defendant Pina was stealing wine in the dead of night from Plaintiff's storage facility in a truck borrowed from defendant Whitefield and owned by defendant Borges

MOTSCHIEDLER,
MICHAELIDES,
WISHON, BREWER &
RYAN, LLP

-6-

{00236/0060C2C//439641.DOC}        Complaint for RICO, Unfair Competition, Etc.

1   without Plaintiff's authorization.  Plaintiff is informed and believes that much of the

2   wine was transported in Pina's personal vehicle and that Pina gave some of the stolen

3   wine to Whitefield in exchange for compensation and other valuable items such as a

4   rare baseball card.  Plaintiff eventually discovered that wine valued in excess of

5   $1,000,000.00  was stolen.  Approximately $700,000.00 of this wine has now been

6   recovered and there is little or no chance of any additional recovery.

7        23.    Plaintiff then learned that this stolen wine was sold by defendant

8   Borges to defendants Shemali and Malhan and their entities, defendants Wines of the

9   World, LLC dba Hooked on Wine and Tri Cities Liquor & Spirits, LLC dba Mid

10   Columbia Wine & Spirits for resale.  Payment for at least a portion of this stolen wine

11   was made using checks issued to Borges by Wines of the World, LLC.  True and correct

12   copies of various checks used by defendant Wines of the World, LLC to pay for this

13   stolen wine and made payable to defendant Borges are attached as Exhibit A and

14   incorporated by reference.  Defendant Borges then converted the checks to cash to pay

15   Defendants Whitefield and Pina.

16        24.    Plaintiff is informed and believes that defendants Shemali, Malhan,

17   Wines of the World, LLC and/or Tri Cities Liquor & Spirits, LLC then delivered and/or

18   sold the stolen wines to defendants Belmont Wine Exchange for resale.  Plaintiff is

19   informed and believes that defendants Shemali, Malhan, Wines of the World, LLC,

20   and/or Tri Cities Liquor & Spirits, LLC also delivered and sold the stolen wine to

21   defendant Myers.  Meyers used conduits such as Sandra Rodriguez, Eduardo Rodriguez

22   and Sandi's Pet Place, Inc. as conduits for receiving the wine.  Plaintiff is informed and

23   believes that Defendant Myers then traveled by car from Glendale, Arizona to Costa

24   Mesa, California where he moved the stolen wine from Sandi's Pet Place to Hi-Time

25   Wine Cellars' case wine chilled storage facility and sold some of the wine to Hi-Time

26   Wine Cellars for resale and sold some of the stolen wine to others and arranged for its

27   transport across state lines.

28

MOTSCHIEDLER,
MICHAELIDES,
WISHON, BREWER &
RYAN, LLP

{00236/0060C2C//439641.DOC}    Complaint for RICO, Unfair Competition, Etc.

25.     Defendant Shemali also provided Plaintiff documents, which defendant Shemali represented were from defendant Borges' computer, tracking the date, quantity, sale, price, purchase, and delivery of portions of the stolen wine by Borges directly to defendant Shemali (for delivery to defendants Malhan, Wines of the World, LLC, and/or Tri-Cities Liquor & Spirits, LLC), directly to defendant Belmont Wine Exchange and directly to Sandi's Pet Place, Inc., Sandra Rodriguez, and Eduard Rodriguez who acted as a conduit for delivery to defendant Myers for resale.  This was consistent with shipping labels on wine recovered from defendant Myers in which defendant Myers had the stolen wine shipped to the Costa Mesa, California business address of Sandra Rodriguez, Eduardo Rodriguez and Sandi's Pet Place, Inc.

26.     Plaintiff also discovered some of the wine stolen from Plaintiff's wine storage facility being listed for sale on websites owned, managed or otherwise operated by defendants Wines of the World, LLC dba Hooked on Wine, Hi-Time Wine Cellars and Belmont Wine Exchange.

27.     In taking delivery and sale of the stolen wine, there is no way any of the defendants could have reasonably believed that the wine was not stolen or came from legitimate sources, as the type and amounts of wine taken from Plaintiff for sale by the defendants were not at the time readily available—or even available at all—in the marketplace.  The short time—often as short as 24 hours—of the distribution of the stolen wine into the marketplace onto websites and retail locations, as well as the manner and speed in which the wine was stolen and then transported, delivered, and at times paid for by and through the defendants, demonstrate the existence of a conspiracy and racketeering enterprise that may have been ongoing for many years prior to Plaintiff's discovery of it—and in fact may even ben ongoing today accessing other wine storage facilities—to steal wine from Plaintiff's wine storage facility and resell it through purportedly "legitimate" distribution channels.

///

///

MOTSCHIEDLER,
MICHAELIDES,
WISHON, BREWER &
RYAN, LLP

-8-

{00236/0060C2C//439641.DOC}          Complaint for RICO, Unfair Competition, Etc.

# FIRST CLAIM FOR RELIEF

## (Acquisition and Maintenance of an Interest in and Control
## of an Enterprise Engaged in a Pattern of Racketeering Activity

### 18 U.S.C. §§1961(5). 1962(b) – All Defendants)

28.    Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 27 above as though fully set forth herein.

29.    For at least the three years preceding the filing of this complaint, the defendants, and each of them, did acquire and/or maintain, directly or indirectly, an interest in or control of a RICO enterprise of individuals who were associated in fact and who did engage in illegal activity which did affect, interstate and foreign commerce, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(b).

30.    Specifically, for at least three years preceding the filing of this action defendants, and each of them, did cooperate jointly and severally in the commission of two or more of the RICO predicate acts itemized in 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. §1962(b) (prohibited activities).  They did so by engaging in an agreement, enterprise and conspiracy—which came to pass and which each defendant was involved one or more steps as detailed above in paragraphs 22-27—to steal wine from Plaintiff's wine storage facility, then by sale, resale, distribution and/or delivery, offer the sale of the stolen wine at retail locations and on Internet websites.

31.    Defendants, and each of them, did commit two or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of 18 U.S.C. §1962(b).

32.    As a result of this unlawful conduct, Plaintiff has been damaged in an amount which has not yet been fully ascertained, but is believed to be in excess of $2 million, measure in part by the lost value of the stolen wine, the inability to resale wine that was recovered, loss of good will with Plaintiff's wine storage customers, increased

MOTSCHIEDLER,
MICHAELIDES,
WISHON, BREWER &
RYAN, LLP

-9-

{00236/0060C2C//439641.DOC}    Complaint for RICO, Unfair Competition, Etc.

1    security costs, investigation costs to uncover the illegal enterprise and conspiracy

2    engaged in by the defendants.  Plaintiff will prove the actual amount of damage at trial.

3           33.    As a further result of this unlawful conduct, Plaintiff is entitled to

4    treble damages as provided by 18 U.S.C. §1964(c);

5           34.    As a further result of this unlawful conduct, Plaintiff is entitled to

6    an award of reasonable attorney's fees and costs;

7           35.    As a further result of this unlawful conduct, Plaintiff is entitled to:

8    (a) an accounting of all gains, profit and advantages derived by defendants, and each of

9    them, from their several acts of racketeering activity in violation of 18 U.S.C. §1962(b);

10   and (b) that all damages caused by defendants, and each of them, and all gains, profits

11   and advantages derived by the defendants from their acts of racketeering and from all

12   other violations of state and federal laws, be deemed to be held in a constructive trust

13   for the benefit of Plaintiff.

14           WHEREFORE, Plaintiff prays for relief as set forth below.

15                      **SECOND CLAIM FOR RELIEF**
         **(Conduct and Participation in a RICO Enterprise through a**
16                   **Pattern of Racketeering Activity**
17        **18 U.S.C. §§1961(5). 1962(c) – All Defendants)**

18           36.    Plaintiff incorporates each and every allegation set forth in

19   paragraphs 1 through 35 above as though fully set forth herein.

20           37.    For at least the three years preceding the filing of this complaint,

21   the defendants, and each of them, did associate with a RICO enterprise of individuals

22   who were associated in fact and who did engage in illegal which did affect, interstate

23   and foreign commerce, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(b).

24           38.    Specifically, for at least three years preceding the filing of this

25   action defendants, and each of them, did conduct and/or participate, either directly or

26   indirectly, in the conduct of the affairs of the above-referenced RICO enterprise through

27   a pattern of racketeering in violation of 18 U.S.C. §§1961(4), (4), (9) and 1962(c).

28   They did so by engaging in an agreement, enterprise and conspiracy—which came to

MOTSCHIEDLER,
MICHAELIDES,
WISHON, BREWER &
RYAN, LLP

1   pass and which each defendant was involved one or more steps as detailed above in

2   paragraphs 22-27—to steal wine from Plaintiff's wine storage facility, then by sale,

3   resale, distribution and/or delivery, offer the sale of the stolen wine at retail locations

4   and on Internet websites.

5        39.     Defendants, and each of them, did commit two or more of the

6   offenses itemized above in a manner which they calculated and premeditated

7   intentionally to threaten continuity, i.e. a continuing threat of their respective

8   racketeering activities, also in violation of 18 U.S.C. 1962(b).

9        40.     As a result of this unlawful conduct, Plaintiff has been damaged in

10  an amount which has not yet been fully ascertained, but is believed to be in excess of $2

11  million, measure in part by the lost value of the stolen wine, the inability to resale wine

12  that was recovered, loss of good will with Plaintiff's wine storage customers, increased

13  security costs, investigation costs to uncover the illegal enterprise and conspiracy

14  engaged in by the defendants.  Plaintiff will prove the actual amount of damage at trial.

15       41.     As a further result of this unlawful conduct, Plaintiff is entitled to

16  treble damages as provided by 18 U.S.C. §1964(c).

17       42.     As a further result of this unlawful conduct, Plaintiff is entitled to

18  an award of reasonable attorney's fees and costs.

19       43.     As a further result of this unlawful conduct, Plaintiff is entitled to:

20  (a) an accounting of all gains, profit and advantages derived by defendants, and each of

21  them, from their several acts of racketeering activity in violation of 18 U.S.C. §1962(b);

22  and (b) that all damages caused by defendants, and each of them, and all gains, profits

23  and advantages derived by the defendants from their acts of racketeering and from all

24  other violations of state and federal laws, be deemed to be held in a constructive trust

25  for the benefit of Plaintiff.

26       WHEREFORE, Plaintiff prays for relief as set forth below.

27  / / /

28  / / /

MOTSCHIEDLER,
MICHAELIDES,
WISHON, BREWER &
RYAN, LLP

-11-

{00236/0060C2C//439641.DOC}    Complaint for RICO, Unfair Competition, Etc.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### THIRD CLAIM FOR RELIEF

### (Conspiracy to Engage in a Pattern of Racketeering Activity
### - 18 U.S.C. §§1961(5), 1962(D) – All Defendants)

44.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 43 above as though fully set forth herein.

45.     For at least the three years preceding the filing of this complaint, the defendants, and each of them, did conspire to acquire and maintain an interest in a RICO enterprise engaged in a pattern of racketeering in violation of 18 U.S.C. §§1961(5) and 1962(b) and (d).  They did so by engaging in an agreement, enterprise and conspiracy—which came to pass and which each defendant was involved one or more steps as detailed above in paragraphs 22-27—to steal wine from Plaintiff's wine storage facility, then by sale, resale, distribution and/or delivery, offer the sale of the stolen wine at retail locations and on Internet websites.

46.     Defendants, and each of them, did commit two or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of 18 U.S.C. 1962(b).

47.     As a result of this unlawful conduct, Plaintiff has been damaged in an amount which has not yet been fully ascertained, but is believed to be in excess of $2 million, measure in part by the lost value of the stolen wine, the inability to resale wine that was recovered, loss of good will with Plaintiff's wine storage customers, increased security costs, investigation costs to uncover the illegal enterprise and conspiracy engaged in by the defendants.  Plaintiff will prove the actual amount of damage at trial.

48.     As a further result of this unlawful conduct, Plaintiff is entitled to treble damages as provided by 18 U.S.C. §1964(c).

49.     As a further result of this unlawful conduct, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

MOTSCHIEDLER,
MICHAELIDES,
WISHON, BREWER &
RYAN, LLP

-12-

1        50.     As a further result of this unlawful conduct, Plaintiff is entitled to:

2   (a) an accounting of all gains, profit and advantages derived by defendants, and each of

3   them, from their several acts of racketeering activity in violation of 18 U.S.C. §1962(b);

4   and (b) that all damages caused by defendants, and each of them, and all gains, profits

5   and advantages derived by the defendants from their acts of racketeering and from all

6   other violations of state and federal laws, be deemed to be held in a constructive trust

7   for the benefit of Plaintiff.

8        WHEREFORE, Plaintiff prays for relief as set forth below.

9                     **FOURTH CLAIM FOR RELIEF**

10                 **(Unfair Competition – All Defendants)**

11       51.     Plaintiff incorporates each and every allegation set forth in

12   paragraphs 1 through 50 above as though fully set forth herein.

13       52.     The wrongful acts described above, particularly, in paragraphs 22-

14   27, all constitute unfair competition under the common law and in violation of

15   California Business and Professions Code § 17200.

16       53.     The wrongful acts described above have proximately injured and

17   impaired Plaintiff.

18       54.     As a result of this unlawful conduct, Plaintiff has been damaged in

19   an amount which has not yet been fully ascertained, but is believed to be in excess of $2

20   million, measure in part by the lost value of the stolen wine, the inability to resale wine

21   that was recovered, loss of good will with Plaintiff's wine storage customers, increased

22   security costs, investigation costs to uncover the illegal enterprise and conspiracy

23   engaged in by the defendants.  Plaintiff will prove the actual amount of damage at trial.

24       55.     Plaintiff is entitled to restitution from defendants, and each of

25   them, pursuant to California Business and Professions Code § 17203 including, but not

26   limited to, disgorgement of illicit profits.

27       WHEREFORE, Plaintiff prays for relief as set forth below

28   / / /

MOTSCHIEDLER,
MICHAELIDES,
WISHON, BREWER &
RYAN, LLP

-13-

## FIFTH CLAIM FOR RELIEF

### (Conversion – All Defendants)

56.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 55 above as though fully set forth herein.

57.     Defendants entered into a civil conspiracy—of which each committed at least one unlawful act—in conspiring to and in fact converting wine owned and/or controlled by Plaintiff for the purposes of selling and/or re-selling the wine through "legitimate" distribution channels.

58.     Through the investigation and other actions, Plaintiff discovered that defendant Pina was stealing wine in the dead of night from Plaintiff's storage facility in a truck borrowed from defendant Whitefield and owned by defendant Borges without Plaintiff's authorization.  Plaintiff is informed and believes that much of the wine was transported in Pina's personal vehicle and that Pina gave some of the stolen wine to Whitefield in exchange for compensation and other valuable items such as a rare baseball card.  Plaintiff eventually discovered that wine valued in excess of $1,000,000.00  was stolen, only approximately $700,000.00 of which was ultimately recovered.

59.     Plaintiff then learned that this stolen wine was sold by defendant Borges to defendants Shemali and Malhan and their entities, defendants Wines of the World, LLC dba Hooked on Wine and Tri Cities Liquor & Spirits, LLC dba Mid Columbia Wine & Spirits for resale.  Payment for at least a portion of this stolen wine was made using checks issued to Borges by Wines of the World, LLC.  Defendant Borges then converted the checks to cash to pay Defendants Whitefield and Pina.

60.     Plaintiff is informed and believes that defendants Shemali, Malhan, Wines of the World, LLC and/or Tri Cities Liquor & Spirits, LLC then delivered and/or sold the stolen wines to defendants Belmont Wine Exchange for resale.  Plaintiff is informed and believe s that defendants Shemali, Malhan, Wines of the World, LLC, and/or Tri Cities Liquor & Spirits, LLC also delivered and sold the stolen wine to

MOTSCHIEDLER,
MICHAELIDES,
WISHON, BREWER &
RYAN, LLP

{00236/0060C2C//439641.DOC}        Complaint for RICO, Unfair Competition, Etc.

1  defendant Myers.  Meyers used conduits such as Sandra Rodriguez, Eduardo Rodriguez

2  and Sandi's Pet Place, Inc. as conduits for receiving the wine.  Plaintiff is informed and

3  believes that Defendant Myers then traveled by car from Glendale, Arizona to Costa

4  Mesa, California where he moved the stolen wine from Sandi's Pet Place to Hi-Time

5  Wine Cellars' case wine chilled storage facility and sold some of the wine to Hi-Time

6  Wine Cellars for resale and sold some of the stolen wine to others and arranged for its

7  transport across state lines.

8          61.    Defendant Shemali also provided Plaintiff documents, which

9  defendant Shemali represented were from defendant Borges' computer, tracking the

10 date, quantity, sale, price, purchase, and delivery of portions of the stolen wine by

11 Borges directly to defendant Shemali (for delivery to defendants Malhan, Wines of the

12 World, LLC, and/or Tri-Cities Liquor & Spirits, LLC), directly to defendant Belmont

13 Wine Exchange and directly to Sandi's Pet Place, Inc., Sandra Rodriguez, and Eduard

14 Rodriguez who acted as a conduit for delivery to defendant Myers for resale.  This was

15 consistent with shipping labels on wine recovered from defendant Myers in which

16 defendant Myers had the stolen wine shipped to the Costa Mesa, California business

17 address of Sandra Rodriguez, Eduardo Rodriguez and Sandi's Pet Place, Inc.

18         62.    Plaintiff also discovered some of the wine stolen from Plaintiff's

19 wine storage facility being listed for sale on websites owned, managed or otherwise

20 operated by defendants Wines of the World, LLC dba Hooked on Wine, Hi-Time Wine

21 Cellars and Belmont Wine Exchange.

22         63.    In taking delivery and sale of the stolen wine, there is no way any

23 of the defendants could have reasonably believed that the wine was not stolen or came

24 from legitimate sources, as the type and amounts of wine taken from Plaintiff for sale by

25 the defendants were not at the time readily available—or even available—in the

26 marketplace.  The short time—often as short as 24 hours—of the distribution of the

27 stolen wine into the marketplace onto websites and retail locations, as well as the

28 manner and speed in which the wine was stolen and then transported, delivered, and at

MOTSCHIEDLER,
MICHAELIDES,
WISHON, BREWER &
RYAN, LLP

-15-

1    times paid for by and through the defendants, demonstrate the existence of a conspiracy

2    and racketeering enterprise that may have been ongoing for many years prior to

3    Plaintiff's discovery of it—and in fact may even ben ongoing today accessing other

4    wine storage facilities—to steal wine from Plaintiff's wine storage facility and resell it

5    through purportedly "legitimate" distribution channels.

6         64.    Through the wrongful means described above, defendants, and

7    each of them, converted and misappropriated the stolen wine.

8         65.    Defendants' actions as set forth above in conspiring to and actually

9    converting the wine for their own benefit and use constitutes a conversion of property

10    that belonged to Plaintiff, intentionally and unjustifiably retaining Plaintiff's property

11    without Plaintiff's consent.

12         66.    Defendants have or will receive an unjust enrichment or benefit

13    from their efforts in using the stolen wine.  Plaintiff is entitled to recover from

14    defendants the benefits they have obtained from their wrongful conduct.

15         67.    As a result of this unlawful conduct, Plaintiff has been damaged

16    in an amount which has not yet been fully ascertained, but is believed to be in excess of

17    $2 million, measure in part by the lost value of the stolen wine, the inability to resale

18    wine that was recovered, loss of good will with Plaintiff's wine storage customers,

19    increased security costs, investigation costs to uncover the illegal enterprise and

20    conspiracy engaged in by the defendants.  Plaintiff will prove the actual amount of

21    damage at trial.

22         68.    The acts described above were performed intentionally and with

23    improper motives.  Such actions were oppressive, outrageous, willful, malicious, and

24    intolerable so as to justify an award of punitive damages

25         WHEREFORE, Plaintiff prays for relief as set forth below.

26    / / /

27    / / /

28    / / /

MOTSCHIEDLER, MICHAELIDES, WISHON, BREWER & RYAN, LLP

-16-

{00236/0060C2C//439641.DOC}    Complaint for RICO, Unfair Competition, Etc.

# SIXTH CLAIM FOR RELIEF

## (Embezzlement – All Defendants)

69.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 68 above as though fully set forth herein.

70.     Defendants entered into a civil conspiracy—of which each committed at least one unlawful act—in conspiring to and in fact embezzling wine owned and/or controlled by Plaintiff for the purposes of selling and/or re-selling the wine through "legitimate" distribution channels.

71.     Through the investigation and other actions, Plaintiff discovered that defendant Pina was stealing wine in the dead of night from Plaintiff's storage facility in a truck borrowed from defendant Whitefield and owned by defendant Borges without Plaintiff's authorization.  Plaintiff is informed and believes that much of the wine was transported in Pina's personal vehicle and that Pina gave some of the stolen wine to Whitefield in exchange for compensation and other valuable items such as a rare baseball card.  Plaintiff eventually discovered that wine valued in excess of $1,000,000.00  was stolen, only approximately $700,000.00 of which was ultimately recovered.

72.     Plaintiff then learned that this stolen wine was sold by defendant Borges to defendants Shemali and Malhan and their entities, defendants Wines of the World, LLC dba Hooked on Wine and Tri Cities Liquor & Spirits, LLC dba Mid Columbia Wine & Spirits for resale.  Payment for at least a portion of this stolen wine was made using checks issued to Borges by Wines of the World, LLC.  Defendant Borges then converted the checks to cash to pay Defendants Whitefield and Pina.

73.     Plaintiff is informed and believes that defendants Shemali, Malhan, Wines of the World, LLC and/or Tri Cities Liquor & Spirits, LLC then delivered and/or sold the stolen wines to defendants Belmont Wine Exchange for resale.  Plaintiff is informed and believe s that defendants Shemali, Malhan, Wines of the World, LLC, and/or Tri Cities Liquor & Spirits, LLC also delivered and sold the stolen wine to

MOTSCHEDLER,
MICHAELIDES,
WISHON, BREWER &
RYAN, LLP

-17-

{00236/0060C2C//439641.DOC}      Complaint for RICO, Unfair Competition, Etc.

1  defendant Myers.  Meyers used conduits such as Sandra Rodriguez, Eduardo Rodriguez

2  and Sandi's Pet Place, Inc. as conduits for receiving the wine.  Plaintiff is informed and

3  believes that Defendant Myers then traveled by car from Glendale, Arizona to Costa

4  Mesa, California where he moved the stolen wine from Sandi's Pet Place to Hi-Time

5  Wine Cellars' case wine chilled storage facility and sold some of the wine to Hi-Time

6  Wine Cellars for resale and sold some of the stolen wine to others and arranged for its

7  transport across state lines.

8            74.    Defendant Shemali also provided Plaintiff documents, which

9  defendant Shemali represented were from defendant Borges' computer, tracking the

10  date, quantity, sale, price, purchase, and delivery of portions of the stolen wine by

11  Borges directly to defendant Shemali (for delivery to defendants Malhan, Wines of the

12  World, LLC, and/or Tri-Cities Liquor & Spirits, LLC), directly to defendant Belmont

13  Wine Exchange and directly to Sandi's Pet Place, Inc., Sandra Rodriguez, and Eduard

14  Rodriguez who acted as a conduit for delivery to defendant Myers for resale.  This was

15  consistent with shipping labels on wine recovered from defendant Myers in which

16  defendant Myers had the stolen wine shipped to the Costa Mesa, California business

17  address of Sandra Rodriguez, Eduardo Rodriguez and Sandi's Pet Place, Inc.

18            75.    Plaintiff also discovered some of the wine stolen from Plaintiff's

19  wine storage facility being listed for sale on websites owned, managed or otherwise

20  operated by defendants Wines of the World, LLC dba Hooked on Wine, Hi-Time Wine

21  Cellars and Belmont Wine Exchange.

22            76.    In taking delivery and sale of the stolen wine, there is no way any

23  of the defendants could have reasonably believed that the wine was not stolen or came

24  from legitimate sources, as the type and amounts of wine taken from Plaintiff for sale by

25  the defendants were not at the time readily available—or even available—in the

26  marketplace.  The short time—often as short as 24 hours—of the distribution of the

27  stolen wine into the marketplace onto websites and retail locations, as well as the

28  manner and speed in which the wine was stolen and then transported, delivered, and at

MOTSCHIEDLER,
MICHAELIDES,
WISHON, BREWER &
RYAN, LLP

{00236/0060C2C//439641.DOC}          Complaint for RICO, Unfair Competition, Etc.

1    times paid for by and through the defendants, demonstrate the existence of a conspiracy

2    and racketeering enterprise that may have been ongoing for many years prior to

3    Plaintiff's discovery of it—and in fact may even ben ongoing today accessing other

4    wine storage facilities—to steal wine from Plaintiff's wine storage facility and resell it

5    through purportedly "legitimate" distribution channels.

6            77.     Through the wrongful means described above, defendants, and

7    each of them, converted and misappropriated the stolen wine.

8            78.     Defendants' actions as set forth above in conspiring to and actually

9    embezzling the wine for their own benefit and use constitutes a conversion of property

10   that belonged to Plaintiff, intentionally and unjustifiably retaining Plaintiff's property

11   without Plaintiff's consent.

12           79.     Defendants have or will receive an unjust enrichment or benefit

13   from their efforts in using the stolen wine.  Plaintiff is entitled to recover from

14   defendants the benefits they have obtained from their wrongful conduct.

15           80.     As a result of this unlawful conduct, Plaintiff has been damaged

16   in an amount which has not yet been fully ascertained, but is believed to be in excess of

17   $2 million, measure in part by the lost value of the stolen wine, the inability to resale

18   wine that was recovered, loss of good will with Plaintiff's wine storage customers,

19   increased security costs, investigation costs to uncover the illegal enterprise and

20   conspiracy engaged in by the defendants.  Plaintiff will prove the actual amount of

21   damage at trial.

22           81.     The acts described above were performed intentionally and with

23   improper motives.  Such actions were oppressive, outrageous, willful, malicious, and

24   intolerable so as to justify an award of punitive damages.

25           WHEREFORE, Plaintiff prays for relief as set forth below.

26   / / /

27   / / /

28   / / /

MOTSCHIEDLER,
MICHAELIDES,
WISHON, BREWER &
RYAN, LLP

-19-

{00236/0060C2C//439641.DOC}     Complaint for RICO, Unfair Competition, Etc.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1.     Damages in the amount of at least $2 million on the RICO claims set forth in the first three claims for relief, measured in part by the lost value of the stolen wine, the inability to resale wine that was recovered, loss of good will with Plaintiff's wine storage customers, increased security costs, investigation costs to uncover the illegal enterprise and conspiracy engaged in by the defendants;

2.     Treble damages on the first three claims for relief as provided by 18 U.S.C. §1964(c);

3.     As to the first three claims for relief, an accounting of all gains, profit and advantages derived by defendants, and each of them, from their several acts of racketeering activity in violation of 18 U.S.C. §1962(b); and (b) that all damages caused by defendants, and each of them, and all gains, profits and advantages derived by the defendants from their acts of racketeering and from all other violations of state and federal laws, be deemed to be held in a constructive trust for the benefit of Plaintiff. For damages for past and future lost wages and compensation and employment benefits in an amount according to proof;

4.     For damages for unfair competition and disgorgement of illegal profits on the fourth claim for relief;

5.     For general and special damages on all claims for relief  in an amount according to proof;

6.     For special damages;

7.     For damages for emotional distress on the claim for relief for conversion and embezzlement;

8.     For punitive damages in an amount necessary to deter Defendants from engaging in such actions in the future;

9.     For reasonable attorneys fees;

10.    For costs of suit; and

MOTSCHIEDLER,
MICHAELIDES,
WISHON, BREWER &
RYAN, LLP

-20-

1            11.     For such other and further relief as the court may deem just and

2   proper.

3   Dated:  November 19 2015         MOTSCHIEDLER, MICHAELIDES

4                                WISHON, BREWER & RYAN, LLP

5

6                             By:     /s/Russell K. Ryan

7                                    Russell K. Ryan, Attorneys for
                                 H.P.D. CONSOLIDATION, INC.,

8                                    dba VALLEY WINE WAREHOUSE

9

10           Plaintiff hereby requests a jury trial.

11

12   Dated:  November 19, 2015       By:     /s/Russell K. Ryan

13                                    Russell K. Ryan, Attorneys for
                                 H.P.D. CONSOLIDATION, INC.,

14                                    dba VALLEY WINE WAREHOUSE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTSCHIEDLER,
MICHAELIDES,
WISHON, BREWER &
RYAN, LLP

-21-

{00236/0060C2C//439641.DOC}     Complaint for RICO, Unfair Competition, Etc.