JENNIFER BRIGGS FISHER (SBN 241321)
BRENDAN RUDDY (SBN 297896)
**DUANE MORRIS LLP**
One Market, Spear Tower, Suite 2200
San Francisco, CA 94105-1104
Telephone: 415.957.3000
Facsimile: 415.957.3001

E-Mail:     jbfisher@duanemorris.com
            bpruddy@duanemorris.com

Attorneys for Defendant
EDWIN WHITEFIELD

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H.P.D. CONSOLIDATION, INC. dba VALLEY WINE WAREHOUSE,<br><br>        Plaintiff,<br><br>    vs.<br><br>JOSE PINA aka JOSE LUIS PIEDRA, et al,<br><br>        Defendants. | Case No.: 3:15-CV-05309-EMC<br><br>**DEFENDANT EDWIN WHITEFIELD'S NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:       December 15, 2016<br>Time:       1:30 p.m.<br>Judge:      Hon. Edward M. Chen |

DEFENDANT EDWIN WHITEFIELD'S NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES
DM2\7277970.4

CASE NO.: 3:15-CV-05309-EMC

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ................................................................. i

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS ................................. 1

I.  INTRODUCTION ........................................................................... 1

II. BACKGROUND ............................................................................. 1

    A.  FACTUAL ALLEGATIONS ............................................................... 1

        1.  Whitefield's Alleged Conduct. ................................................ 2

        2.  Alleged Conduct Not Attributable To Whitefield. ............................. 3

III. ARGUMENT ............................................................................. 4

    A.  APPLICABLE STANDARDS .............................................................. 4

        1.  The Pleading Standard Under Federal Rule Of Civil Procedure 12(b)(6). ...... 4

        2.  The Heightened Pleading Standard For Fraud Under Federal Rule Of Civil
            Procedure 9. ............................................................... 5

        3.  All Elements Of Each RICO Claim Must Be Sufficiently Plead Against
            Each Defendant, Including Whitefield. ...................................... 6

    B.  THE FIRST AND SECOND CAUSES OF ACTION SHOULD BE
        DISMISSED BECAUSE PLAINTIFF FAILS TO PLEAD FACTS
        SUFFICIENT TO ESTABLISH A RICO CLAIM AGAINST DEFENDANT
        WHITEFIELD. .......................................................................... 7

        1.  The SAC Does Not Allege That Defendant Whitefield Conducted Any
            Racketeering Acts. ......................................................... 7

            a.  Whitefield Is Not Alleged to Have Committed Any Acts
                Constituting Mail Fraud Under 18 U.S.C. § Section 1341. ............... 7

            b.  The SAC Does Not Allege Facts Sufficient to Show that
                Whitefield Received Interstate Stolen Goods In Violation of 18
                U.S.C. § Section 2315. ............................................... 8

            c.  The FAC Does Not Allege Whitefield Committed Any State
                Law Offenses that Qualify as Racketeering Activity. .................. 9

        2.  The SAC Does Not Allege Facts Sufficient To Show That Whitefield
            Engaged In A Pattern Of Racketeering Activity.............................. 10

            a.  The Facts Alleged Are Insufficient to Establish Closed-Ended
                Continuity. .......................................................... 11

            b.  The Facts Alleged Are Insufficient to Establish Open-Ended
                Continuity. .......................................................... 12

i

DEFENDANT EDWIN WHITEFIELD'S NOTICE OF MOTION AND MOTION TO DISMISS     CASE NO.: 3:15-CV-05309-EMC
THE SECOND AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES
DM2\7277970.4

3.    The SAC Does Not Allege Facts Sufficient to Show That An Enterprise Existed..............................................................................12

4.    The SAC Does Not Allege Facts Sufficient To Show Whitefield Acquired an Interest In or Control Over the Enterprise Under 18 U.S.C. § 1962(b)...14

5.    The SAC Does Not Allege Facts Sufficient to Show Whitefield Participated In the Conduct of the Affairs of Any Enterprise Under 18 U.S.C. § 1962(c). ...........................................................................14

6.    The SAC Does Not Allege Any Injuries Caused By Racketeering Acts......16

C.    THE THIRD CAUSE OF ACTION SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO PLEAD FACTS SUFFICIENT TO ESTABLISH A RICO CONSPIRACY CLAIM UNDER 18 U.S.C. § 1962(d). ..............................16

1.    The SAC Fails to Plead Facts Showing that Whitefield Agreed to Conduct that Constitutes a Violation of the RICO Act. ...............................................17

2.    The SAC Also Fails To Allege Facts Sufficient to Show That Plaintiff Suffered Injury From A RICO Predicate Offense Required Under The Overt-Act-Injury Rule.................................................................................17

D.    THE FOURTH, FIFTH AND SIXTH CAUSES OF ACTION (STATE LAW CLAIMS) SHOULD BE DISMISSED........................................................18

1.    The Fourth Cause of Action for Unlawful Business Acts Fails Because It Is Predicated On Plaintiff's Other Causes of Action That Themselves Fail To State Claims For Relief. ...........................................................................18

2.    The Fifth Claim Fails to Allege Facts Sufficient To Show Whitefield Committed Or Conspired To Commit Conversion.....................................20

3.    The Sixth Claim Fails To Allege Facts Sufficient To Show Whitefield Committed A Violation Of California Penal Code Section 496(a). .............21

E.    PLAINTIFF'S CLAIMS SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND AND WITH PREJUDICE.........................................................22

IV.    CONCLUSION................................................................................................22

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Allwaste, Inc. v. Hecht*
65 F.3d 1523, 1528 (9th Cir. 1995) .................................................................11

*Ashcroft v. Iqbal*
556 U.S. 662 (2009)...........................................................................................4-5

*Beck v. Prupis*
529 U.S. 494 (2000)...........................................................................................17

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007)...........................................................................................4-5

*Cafasso v. Gen. Dynamics C4 Sys.*
637 F.3d 1047 (9th Cir. 2011) ..........................................................................4-5

*DeFalco v. Bernas*
244 F.3d 286 (2d Cir. 2001)..............................................................................6

*Doan v. Singh*
617 Fed. Appx. 684 (9th Cir. 2015) (unpublished)...........................................13

*Dost v. Northwest Tr. Servs.*
Case No. 3:11-cv-00270, 2011 U.S. Dist. LEXIS 150517 (D. Or. Dec. 21, 2011) ......................6

*Eclectic Props. East, LLC v. Marcus & Millichap Co.*
2012 U.S. Dist. LEXIS 28865 (N.D. Cal. Mar. 5, 2012), *affirmed*, 751 F.3d 990
(9th Cir. 2014)....................................................................................................11

*Eclectic Props. East, LLC v. Marcus & Millichap Co.*
751 F.3d 990 (9th Cir. 2014) ............................................................................4-5

*Eclectic Props. East, LLC v. Marcus & Millichap Co.*
2010 WL 384736 (N.D. Cal. Jan. 29, 2010) .....................................................4-5

*Ellis v. JP Morgan Chase & Co.*
Case No. 12-cv-03897, 2015 WL 78190 (N.D. Cal. Jan. 6, 2015).....................13

*Feminist Women's Health Ctr. v. Roberts*
Case No. C86-161Z, 1989 U.S. Dist. LEXIS 5837 (W.D. Wash. May 5, 1989) ..........................6

*Ferrari v. Mercedes-Benz USA, LLC*
Case No.: 15-cv-4379, 2016 U.S. Dist. LEXIS 21159 (N.D. Cal. Feb. 18, 2016) ........................6

*Harvey v. Harvey*
  931 F. Supp. 127 (D.Conn. Mar. 25, 1996), *affirmed* 108 F.3d 329 (2d Cir. 1997).....................10

*Hemi Group, LLC v. City of New York*
  559 U.S. 1 (2010)...............................................................................................................16

*Howard v. America Online Inc.*
  208 F.3d 741 (9th Cir. 2000) ....................................................................4, 11-12, 16-17

*Keel v. Schwarzenegger*
  Case No. 08-07591, 2009 U.S. Dist. LEXIS 43999 (C.D. Cal. May 19, 2009) ............................6

*Kendall v. Visa U.S.A., Inc.*
  518 F.3d 1042 (9th Cir. 2008) ...............................................................................................22

*Kennedy v. Full Tilt Poker*
  Case No. 0907964, 2010 WL 1710006 (C.D. Cal. Apr. 26, 2010)...................................6

*Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*
  940 F.2d 397 (9th Cir. 1991) ...........................................................................................5, 8

*Odom v. Microsoft Corp.*
  486 F.3d 541 (9th Cir. 2007) ..................................................................................... 13-14

*Petzschke v. Century Aluminum Co. (In re Century Aluminum Co. Sec. Litig.)*
  729 F.3d 1104 (9th Cir. 2013) ................................................................................................5

*Phillips v. Lithia Motors, Inc.*
  Case No. 03-3109, 2006 U.S. Dist. LEXIS 25607 (D. Or. Apr. 27, 2006) ...................................6

*Religious Tech. Ctr. v. Wollersheim*
  971 F.2d 364 (9th Cir. 1992) ...............................................................................................11

*Reves v. Ernst & Young*
  507 U.S. 170 (1993)........................................................................................................ 13-14

*Richardson v. Reliance Nat'l Indem. Co.*
  Case No. 2:14-4132, 2000 U.S. Dist. LEXIS 2838 (C.D. Cal. Jan. 12, 2015) ............................12

*Salas v. Int'l Union of Operating Eng'rs*
  Case No. 12-cv-10506, 2015 U.S. Dist. LEXIS 20077 (C.D. Cal. Feb. 18, 2015).......................6

*Salinas v. United States*
  522 U.S. 52 (1997)............................................................................................................17

*Sedima S.P.R.L. v. Imrex Co. Inc.*
  473 U.S. 479 (1985).......................................................................................................7, 16

*Turner v. Cook*
  362 F.3d 1219 (9th Cir. 2004) ...................................................................................... 11-12

*United States v. Fernandez*
    388 F.3d 1190 (9th Cir. 2004) ...........................................................................17

*United States v. Rogers*
    321 F.3d 1226 (9th Cir. 2003) .............................................................................7

*Urenia v. Public Storage*
    Case No. 13-cv-01934, 2014 U.S. Dist. LEXIS 70647 (C.D. Cal. May 22, 2014) ......................6

*Wagh v. Metris Direct, Inc.*
    363 F.3d 821 (9th Cir. 2003) .............................................................................14

*Walter v. Drayson*
    538 F.3d 1244 (9th Cir. 2008) ........................................................................ 14-15

*In re Wellpoint Out-Of-Network "UCR" Rates Litig.*
    865 F. Supp. 2d 1002 (C.D. Cal. Aug. 11, 2011) ...........................................................6

**California Cases**

*Hale v. Sharp Healthcare*
    183 Cal.App.4th 1373 (Cal. Ct. App. 2010) .............................................................18

*People v. Beaumont Inv., Ltd.*
    111 Cal.App.4th 102 (Cal. Ct. App. 2003) ........................................................... 19-20

*People v. McKale*
    25 Cal.3d 626 (1979) ...................................................................................18

*Progressive West Ins. Co. v. Yolo County*
    135 Cal.App.4th 263 (Cal. Ct. App. 2005) .............................................................18

*Regent Alliance Ltd. v. Rabizadeh*
    231 Cal.App.4th 1177 (Cal. Ct. App. 2014) ...........................................................19

**Federal Statutes**

18 U.S.C. § 1341 ...........................................................................................7, 18

18 U.S.C. § 1344 ..............................................................................................7

18 U.S.C. § 1961 ................................................................................... 9-10, 12, 16

18 U.S.C. § 1962 ..................................................................................... 6, 13-17

18 U.S.C. § 2315 .......................................................................................7-9, 18

**State Statutes**

California Business & Professions Code § 17200. ........................................................18

v

California Penal Code § 496 ...................................................................................................10, 21

**Rules**

Federal Rule Of Civil Procedure, Rule 8 ...............................................................................5

Federal Rule Of Civil Procedure, Rule 9 ......................................................................... 5, 7-8

Federal Rule Of Civil Procedure, Rule 12 ........................................................... i, 2, 4, 10

DEFENDANT EDWIN WHITEFIELD'S NOTICE OF MOTION AND MOTION TO DISMISS
THE SECOND AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES
DM2\7277970.4

CASE NO.: 3:15-CV-05309-EMC

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on December 15, 2016 at 1:30 p.m., or as soon thereafter as the matter can be heard, Defendant Edwin Whitefield ("Whitefield"), through his undersigned counsel of record, will and hereby does move the Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an Order dismissing with prejudice the Second Amended Complaint ("SAC") of Plaintiff H.P.D. Consolidation, Inc. ("Plaintiff") against Whitefield for failure to state a claim upon which relief can be granted.

Through this motion Whitefield seeks to have the Court enter an Order dismissing with prejudice each and every cause of action alleged as to Whitefield in Plaintiff's SAC on the ground that each and every cause of action fails to sufficiently state a claim upon which relief can be granted.  This motion is based on Whitefield's Notice of Motion and Motion and the following Memorandum of Points and Authorities in Support of the Motion.


Dated:  November 10, 2016          DUANE MORRIS LLP


By:_____*/s/ Brendan Ruddy*_____
     JENNIFER BRIGGS FISHER
     BRENDAN RUDDY

     *Attorneys for Defendant*
     EDWIN WHITEFIELD

i

DEFENDANT EDWIN WHITEFIELD'S NOTICE OF MOTION AND MOTION TO DISMISS          CASE NO.: 3:15-CV-05309-EMC
THE SECOND AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES
DM2\7277970.4

1

## POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

2

## I.   INTRODUCTION

3

Plaintiff has now had three opportunities to state a claim for relief against Whitefield.  Yet

4 Plaintiff's Second Amended Complaint ("SAC") still fails to plausibly allege any cause of action

5 against Whitefield.  None of the allegations in the SAC establish that Whitefield performed any

6 actions that qualify as "racketeering activity" under the RICO Act.  This fundamental deficiency

7 undermines Plaintiff's entire theory of the case as to Whitefield.  Plaintiff continues to rely on vague

8 allegations that Whitefield "facilitated", "assisted" or "orchestrated" the theft of Plaintiff's wine by

9 Plaintiff's own employee, despite the Court's prior warning that such conclusory and vague

10 allegations will not suffice.

11

Whitefield's peripheral involvement in the alleged RICO enterprise, which itself is not

12 adequately alleged, does not meet any of the elements necessary to support a RICO claim, or any

13 other violation of law alleged in the SAC.  Plaintiff has not established that Whitefield was in any

14 way essential to the scheme.  He did not plan, organize, direct, control or have any interest

15 whatsoever in the affairs of the alleged enterprise.  While Plaintiff did add new allegations regarding

16 the business relationships between the other defendants and their role in planning the acquisition of

17 specific wines, none of these new allegations include Whitefield.  Plaintiff has again failed to meet

18 its burden as to each RICO claim and the pendant state law claims against Whitefield.  The claims

19 alleged against Whitefield in the Second Amended Complaint should be dismissed in their entirety,

20 with prejudice.

21

## II.   BACKGROUND

22

### A.   FACTUAL ALLEGATIONS

23

After receiving leave to amend the FAC, Plaintiff has added lengthy additional allegations

24 regarding the conduct of certain other defendants allegedly distributing stolen wine, *see* SAC

25 ¶¶22(g)-(r), but adds few new factual allegations regarding Whitefield's conduct.  SAC ¶¶22(b), (c),

26 and (f).  Much of the new allegations related to Whitefield are not allegations of conduct, but instead

27 are allegations regarding Whitefield's character, through which Plaintiff improperly seeks to draw

28 suspicion instead of pleading the necessary elements of its claims.  *See* SAC ¶22(c); *see also*

1

1   Defendant Whitefield's Motion to Strike Certain Impertinent, Immaterial and Scandalous

2   Allegations Under Rule 12(f), concurrently filed.

3   **1.    Whitefield's Alleged Conduct.**

4           As in the FAC, Whitefield is vaguely alleged to have provided "assistance and facilitation" to

5   defendant Jose Pina ("Pina"), who is alleged to have stolen wine from Plaintiff's facility 5-10 times

6   while working for Plaintiff's wine services company.  SAC ¶¶7, 22(b).  This "assistance" and

7   "facilitation" is not clearly described.  The only particular fact supporting these allegations is that

8   Pina used Whitefield's truck, though he is alleged to have used trucks belonging to other people as

9   well.  SAC ¶22(b).  Whitefield is also alleged to have paid Pina for wine with money that Whitefield

10  received from Borges, as well as given Pina a collector's baseball card from Whitefield's antique

11  shop.  SAC ¶¶22(c), (n).

12          The first of two *new* allegations in the SAC regarding Whitefield relates to a "sting

13  operation" involving Whitefield that occurred in March 2014.  SAC ¶22(f).  Plaintiff claims that

14  Whitefield unknowingly revealed the alleged "wine theft ring," when Whitefield called the

15  distributor of a certain wine to obtain unique packaging for that wine or to sell the wine back to the

16  distributor.  *Id.*  Based on Whitefield's contact to this alleged distributor, the Napa County Sheriff

17  raided Whitefield's business and then used Whitefield in a "sting operation" in March of 2014,

18  which resulted in Pina's criminal prosecution.  *Id.*

19          The second new factual allegation regarding Whitefield's conduct is that Whitefield had no

20  commercial expertise in the wine industry, but instead ran an antique shop.  SAC ¶22(c).[1]

21          Whitefield's involvement is only alleged to have occurred over a period of just a few weeks

22  between February and March 2014.  SAC ¶22(g), Ex. A.  Exhibits B and C to the SAC each contain

23  a spreadsheet listing the types and amounts of wines Borges allegedly received or ordered, and then

24  distributed to Shemali, covering invoices and shipments spanning only 17 days.  SAC ¶22(j), Exs. B

25  and C.  Exhibit D contains shipping labels allegedly from defendants Borges or WOW to defendants

26  Myers, Rodríguezes and Sandi's Pet Place, but are dated only on or about February 24 and March

27  ───────────────
[1] The SAC concludes, without any alleged factual basis, that "[o]ther stolen wine was shipped by
28  Whitefield from his antique store." SAC ¶22(m).  This is nothing more than a conclusory statement.

17, 2014.  SAC ¶22(l).  In March 2014, the "sting operation" alleged in the SAC occurred, leading to Pina's criminal prosecution.  SAC ¶22(f).

### 2.    Alleged Conduct Not Attributable To Whitefield.

As before, Plaintiff maintains that Pina himself took the wine from Plaintiff's facility, without authorization.  SAC ¶22(b).  In amending the complaint, the SAC makes clear that Whitefield is *not* alleged to have played any role in the alleged decision-making as to what wines would be requested from Pina.  SAC ¶22(k).  Only defendants Borges, Shemali and Shemali's entities are alleged to have decided what wines to request.  *Id.*, *see also* Exs. B and C.  Plaintiff further amended its pleading to expressly acknowledge that it does not claim that all defendants engaged in racketeering activity. SAC ¶2.  Instead, Plaintiff only alleges that "at least *some of the defendants* named herein" engaged in racketeering.  *Id.* (emphasis added).

The SAC also makes clear that Whitefield is *not* alleged to have played any role in the interstate shipment of wine.  *See* SAC ¶22(g) (". . . Borges immediately sold the wine to Shemali . . ."), ¶22(h) ("Shemali and his entities . . . obtained from Borges . . ."), ¶22(i) ("Shemali admitted that [sic] had purchased the stolen wine . . . from defendant Borges."), ¶22(j) (referencing spreadsheets showing transactions between Borges and Shemali), ¶22(k) (alleging that "Borges, Shemali, WOW, and Tri-Cities had identified" the wines listed on Exhibit C, to be purchased from Borges), ¶22(l) (identifying shipping labels from a wine shipper used by Borges), ¶22(m) ("Borges and/or Shemali immediately sold a large portion . . . to Belmont Wine Exchange and to Myers . . ."), ¶22(o) ("Borges and Shemali . . . delivered the stolen wine to physical locations in the states of California and Washington . . ."), ¶22(p) ("Myers purchased . . . wine from Shemali, who then had it delivered directly to Myers at his Arizona location . . ." and "Myers then acknowledged that he travelled weekly to Sandi's Pet Place from his home in Glendale, Arizona….").

The SAC now alleges that defendant Pina stole wine from a different warehouse that he provided to Shemali in 2015, after the "sting operation" involving Whitefield already occurred and charges against Pina had been brought.  SAC ¶¶22(e), (f).  However, Plaintiff alleges no facts whatsoever establishing that Whitefield had anything to do with such conduct in 2015.[2]

---

[2] Plaintiff's alleged suspicions and speculation are not well pleaded facts capable of consideration on

1     The SAC alleges that defendant Shemali stated to Plaintiff that he had close personal and

2    business relationships with defendants Borges, Belmont Wine Exchanges and Myers, in addition to

3    owning defendants WOW and Tri-Cities.  SAC ¶¶12, 13, and 22(i).

4     There are no facts in the SAC alleging Whitefield had any knowledge of, connection to, or

5    communication with any of the defendants other than Pina and Borges.

## III.   ARGUMENT

### A.   APPLICABLE STANDARDS

#### 1.   The Pleading Standard Under Federal Rule Of Civil Procedure 12(b)(6).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054–55 (9th Cir. 2011); *see also Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 n.5 (9th Cir. 2014).  A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In resolving a Rule 12(b)(6) motion under *Twombly*, the Court must follow a two-pronged approach.

First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  Nor must the Court "accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555); *Eclectic Props. East*, 751 F.3d at 996, 998 (Conclusory allegations that "simply recite the elements of a cause of action" "are not entitled to the assumption of truth" and should be removed from the analysis).

Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.  This determination is context-specific, requiring the Court to draw on its experience and common sense; there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the

under Rule 12(b)(6).  *Howard v. America Online Inc.*, 208 F.3d 741, 750 (9th Cir. 2000) (holding that plaintiff's conclusory allegations were "insufficient to preclude dismissal.").

mere possibility of misconduct."  *Id.*; *Eclectic Props. East*, 751 F.3d at 996 ("The claim's "factual

allegations . . . must plausibly suggest an entitlement to relief, such that it is not unfair to require the

opposing party to be subjected to the expense of discovery and continued litigation.").  When the

claim has an "obvious alternative explanation" that would defeat liability, the claim must allege

"facts tending to exclude the possibility that the alternative explanation is true . . ."  *Eclectic Props.*

*East*, 751 F.3d at 996–97; *Petzschke v. Century Aluminum Co. (In re Century Aluminum Co. Sec.*

*Litig.)*, 729 F.3d 1104, 1108 (9th Cir. 2013) ("When faced with two possible explanations, only one

of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that

are 'merely consistent with' their favored explanation but are also consistent with the alternative

explanation.").

### 2. The Heightened Pleading Standard For Fraud Under Federal Rule Of Civil Procedure 9.

Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity

the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  "To satisfy Rule 9(b), a

pleading must identify 'the who, what, when, where, and how of the misconduct charged,' as well as

'what is false or misleading about [the purportedly fraudulent] statement, and why it is false.'"

*Cafasso v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011) (quoting *Ebeid*

*ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)); *see also Lancaster Cmty.*

*Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (claims of mail fraud must

be plead with particularity, including the "time, place, and manner of each act of fraud, plus the role

of each defendant in each scheme.").

"Claims of fraud . . . must, in addition to pleading with particularity [under Rule 9], also

plead plausible allegations.  That is, the pleading must state 'enough facts to raise a reasonable

expectation that discovery will reveal evidence of the misconduct alleged.'" *Cafasso*, 637 F.3d at

1055 (citations omitted); *see also Eclectic Props. East*, 751 F.3d at 995, fn. 5 ("*Twombly* and *Iqbal's*

pleading standards must still be applied to test complaints that contain claims of fraud.").  Vague and

unspecified references to defendants are not sufficient to place each defendant on notice of the

specific allegations of fraud being made against them, and does not satisfy Rule 8, much less Rule

5

DEFENDANT EDWIN WHITEFIELD'S NOTICE OF MOTION AND MOTION TO DISMISS          CASE NO.: 3:15-CV-05309-EMC
THE SECOND AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES
DM2\7277970.4

9(b).  *Kennedy v. Full Tilt Poker*, Case No. 0907964, 2010 WL 1710006, at *5 (C.D. Cal. Apr. 26, 2010); *Eclectic Properties*, Case No. C–09–0511 RMW, 2010 WL 384736, at *3 (N.D. Cal. Jan. 29, 2010.

### 3.     All Elements Of Each RICO Claim Must Be Sufficiently Plead Against Each Defendant, Including Whitefield.

A plaintiff alleging substantive violations of RICO under 18 U.S.C. §§ 1962(b) or (c) must allege facts sufficient to show *each* defendant engaged in a pattern of racketeering activity.  *See e.g.*, *In re Wellpoint Out-Of-Network "UCR" Rates Litig.*, 865 F. Supp. 2d 1002, 1035 (C.D. Cal. Aug. 11, 2011) ("Where RICO is asserted against multiple defendants, a plaintiff must allege at least two predicate acts by *each* defendant.") (emphasis in original); *Keel v. Schwarzenegger*, Case No. 08-07591, 2009 U.S. Dist. LEXIS 43999 at *19 (C.D. Cal. May 19, 2009) ("The requirements of section 1962(c) must be established as to each individual Defendant."); *DeFalco v. Bernas*, 244 F.3d 286, 306 (2d Cir. 2001) ("The requirements of section 1962(c) must be established as to each individual defendant.") (citing *United States v. Persico*, 832 F.2d 705, 714 (2d Cir. 1987), *cert. denied*, 486 U.S. 1022 (1988)).[3]  Also, a plaintiff does not meet its burden by alleging that a defendant merely aided and abetted a substantive RICO violation.[4]

Because Plaintiff must adequately plead all elements of each offense as to <u>each defendant</u>, conduct allegedly committed by another defendant cannot be attributed to Whitefield for the purpose

---

[3] *See also Phillips v. Lithia Motors, Inc.*, Case No. 03-3109, 2006 U.S. Dist. LEXIS 25607 at *31 (D. Or. Apr. 27, 2006) ("Plaintiffs must allege that each individual defendant engaged in a pattern of racketeering activity."); *Dost v. Northwest Tr. Servs.*, Case No. 3:11-cv-00270, 2011 U.S. Dist. LEXIS 150517 at *32-33 (D. Or. Dec. 21, 2011) ("Where, as in this case, there are multiple defendants, a RICO plaintiff 'must allege that each individual defendant engaged in a pattern of racketeering activity.'"); *Feminist Women's Health Ctr. v. Roberts*, Case No. C86-161Z, 1989 U.S. Dist. LEXIS 5837 at *21 (W.D. Wash. May 5, 1989) ("The focus of section 1962(c) is on the individual patterns of racketeering engaged in by a defendant, rather than the collective activities of the members of the enterprise, which are proscribed by section 1962(d).  We reject the government's attempt to analyze 1962(c) as if it were a second RICO conspiracy statute.").

[4] The elements of substantive RICO claims in civil cases cannot be proved through aiding and abetting theories.  *See Ferrari v. Mercedes-Benz USA, LLC*, Case No.: 15-cv-4379, 2016 U.S. Dist. LEXIS 21159 at *6 (N.D. Cal. Feb. 18, 2016) ("The civil RICO statute does not provide for aiding and abetting liability . . ."); *see also Salas v. Int'l Union of Operating Eng'rs*, Case No. 12-cv-10506, 2015 U.S. Dist. LEXIS 20077 at *19–21 (C.D. Cal. Feb. 18, 2015); *Urenia v. Public Storage*, Case No. 13-cv-01934, 2014 U.S. Dist. LEXIS 70647 at *18–19 (C.D. Cal. May 22, 2014); *Phillips*, 2006 U.S. Dist. LEXIS 25607 at *26–27.

1   of pleading a substantive RICO violation.

2   **B.   THE FIRST AND SECOND CAUSES OF ACTION SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO PLEAD FACTS SUFFICIENT TO ESTABLISH A RICO CLAIM AGAINST DEFENDANT WHITEFIELD.**

3

4   **1.   The SAC Does Not Allege That Defendant Whitefield Conducted Any Racketeering Acts.**

5

6   Plaintiff alleges two predicate "racketeering acts" gave rise to the pattern of racketeering on

7   which Plaintiff's RICO claims are based: 18 U.S.C. § 1341 (mail fraud), and 18 U.S.C. § 2315

8   (interstate transportation of stolen property).  *See* SAC ¶¶ 3, 4, and 21(a).[5]  Despite having

9   previously conceded that no allegation of bank fraud is being pled, Plaintiff failed to revise its

10   complaint and the SAC still erroneously references 18 U.S.C. § 1344 without any factual basis for

11   doing so.  *See* SAC ¶ 4; *see also* ECF No. 109, p. 13:21-22 (conceding bank fraud is not alleged).

12   None of Whitefield's alleged conduct meets the elements of any of these predicate acts, or

13   any other predicate acts necessary to establish a RICO claim.  *See Sedima S.P.R.L. v. Imrex Co. Inc.*,

14   473 U.S. 479, 495 (1985) ("'[R]acketeering activity' consists of no more and no less than

15   commission of a predicate act…").

16   ***a.   Whitefield Is Not Alleged To Have Committed Any Acts Constituting Mail Fraud Under 18 U.S.C. § Section 1341.***

17

18   The Ninth Circuit has described the elements of mail fraud as "(1) proof of a scheme to

19   defraud; (2) using or causing the use of the mails to further the fraudulent scheme; and (3) specific

20   intent to defraud." *United States v. Rogers*, 321 F.3d 1226, 1229 (9th Cir. 2003) (internal citation

21   omitted).  Plaintiff has not pled with any specificity (much less the required specificity under Rule

22   9(b)) facts that plausibly establish any of these three elements of mail fraud as to Whitefield.

23   The SAC includes, in a mere single sentence, only a vague and factually unsupported

24   statement that "[o]ther wine was shipped by Whitefield from his antique store."  *See* SAC ¶22(m).

25

26   [5] The SAC also mentions in passing, predicate acts of obstruction of justice, but never alleges as to

27   any defendant any facts resembling, in the slightest, conduct constituting obstruction of justice.  *See* SAC ¶3.  Previously, in response to the three prior motions to dismiss, Plaintiff never claimed to have pled obstruction of justice as a predicate act on which its RICO claims are based.  *See* ECF

28   Nos. 109, 108, and 132.

This single sentence in paragraph 22(m) does not allege with any specificity the time, place, contents, recipients or what was false or misleading about the alleged mailing.  *See Lancaster Cmty. Hosp.*, 940 F.2d at 405 (claims of mail fraud must be plead with particularity, including the "time, place, and manner of each act of fraud, plus the role of each defendant in each scheme.").  Plaintiff fails to allege that Whitefield committed a single predicate offense of mail fraud.

Nor does the SAC allege any facts showing Whitefield was involved in any of the shipping activities by the other named defendants.  *See* SAC ¶22(g) (". . . Borges immediately sold the wine to Shemali . . ."), ¶22(h) ("Shemali and his entities . . . obtained from Borges . . ."), ¶22(i) ("Shemali admitted that [sic] had purchased the stolen wine . . . from defendant Borges."), ¶22(j) (referencing spreadsheets showing transactions between Borges and Shemali), ¶22(k) (alleging that "Borges, Shemali, WOW, and Tri-Cities had identified" the wines listed on Exhibit C, to be purchased from Borges), ¶22(l) (identifying shipping labels from a wine shipper used by Borges), ¶22(m) ("Borges and/or Shemali immediately sold a large portion . . . to Belmont Wine Exchange and to Myers . . ."), ¶22(o) ("Borges and Shemali . . . delivered the stolen wine to physical locations in the states of California and Washington . . ."), ¶22(p) ("Myers purchased . . . wine from Shemali, who then had it delivered directly to Myers at his Arizona location . . ." and "Myers then acknowledged that he travelled weekly to Sandi's Pet Place from his home in Glendale, Arizona . . .").  None of this alleged conduct involves Whitefield and none of it establishes a predicate offense of mail fraud by Whitefield.

Because there is absolutely no allegation that Whitefield mailed or shipped any particular item, and because is there is no allegation that Whitefield participated in the mailing of wine allegedly done by the other named defendants, the SAC does not plead facts sufficient to plausibly establish a predicate offense of  mail fraud against Whitefield, especially given the heightened standard of specificity required under Rule 9(b).

### b.   The SAC Does Not Allege Facts Sufficient to Show That Whitefield Received Interstate Stolen Goods In Violation Of 18 U.S.C. § 2315.

The SAC does not allege that Whitefield received, possessed, sold or disposed of any goods that had crossed a State or United States boundary.  Liability for violating section 2315 requires,

8

DEFENDANT EDWIN WHITEFIELD'S NOTICE OF MOTION AND MOTION TO DISMISS
THE SECOND AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES
DM2\7277970.4

CASE NO.: 3:15-CV-05309-EMC

1  among other things, that a person: (1) "receive[], possess[], conceal[], store[], barter[], sell[], or

2  dispose[]" (collectively, "possessed"); (2) goods "which have crossed a State or United States

3  boundary *after* being stolen"; and (3) knows those goods were stolen.  18 U.S.C. § 2315 (emphasis

4  added);[6] *see also* Ninth Circuit Model Criminal Jury Instructions section 8.190.

5        The SAC fails to allege that Whitefield violated Section 2315 because it does not allege that

6  Whitefield possessed any wine that had crossed State lines after being stolen.  To the contrary, the

7  SAC's allegations regarding interstate transport of wine *exclude* Whitefield.  *See* SAC ¶¶22(g), (h),

8  (i), (j), (k), (l), (m), (o), and (p).  The SAC alleges that Whitefield "participated", "assisted" and

9  "facilitated" theft of California wine in Napa County, that the wine was sold to defendant Borges in

10  California, and that Whitefield called a local distributor about packaging for particular California

11  wine.  *See* SAC ¶¶22(b), (f), (e), and (n).  Even assuming the allegations in the SAC are true,

12  Whitefield's conduct is entirely within the state of California and Plaintiff fails to meet the

13  jurisdictional nexus required to plead a violation of 18 U.S.C. § 2315.

14            ***c.  The FAC Does Not Allege That Whitefield Committed Any State Law***
                ***Offenses That Qualify As Racketeering Activity.***

15

16        Plaintiff does not allege any violations of California state criminal laws that constitute

17  predicate acts on which Plaintiff's RICO claims could be based.  None of the three state law claims

18  pled – unlawful business practices, conversion, and receipt of stolen goods – constitute "racketeering

19  activity" that qualifies as a predicate offense under the RICO Act.

20        The definition of "racketeering activity" in 18 U.S.C. § 1961 includes only a limited number

21  of state offenses:

22        "racketeering activity" means (A) any act or threat involving murder, kidnapping,
         gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in

23  _____

      [6] The relevant portion of the statute provides:

24

25        Whoever receives, possesses, conceals, stores, barters, sells, or disposes of any goods,
         wares, or merchandise, securities, or money of the value of $5,000 or more, or
26        pledges or accepts as security for a loan any goods, wares, or merchandise, or
         securities, of the value of $500 or more, **which have crossed a State or United**
27        **States boundary after being stolen**, unlawfully converted, or taken, **knowing the**
         **same to have been stolen**, unlawfully converted, or taken;

28  18 U.S.C. § 2315 (emphasis added).

9

1

a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year . . .

2

3

18 U.S.C. § 1961(1)(A).  "This list is exclusive."  *See Harvey v. Harvey*, 931 F. Supp. 127, 130

4

(D.Conn. Mar. 25, 1996), *affirmed* 108 F.3d 329 (2d Cir. 1997).

5

Unlawful business practices, conversion and receipt of stolen goods in violation of California

6

Penal Code section 496 are not "racketeering activity", and thus any alleged violation of those state

7

laws fails to state a predicate "racketeering act" on which a RICO claim can be based.

8

### 2.    The SAC Does Not Allege Facts Sufficient To Show That Whitefield Engaged In A Pattern Of Racketeering Activity.

9

10

As the SAC fails to plead facts showing that Whitefield committed any racketeering activity,

11

as defined in the RICO statute, the SAC necessarily fails to plead facts sufficient to show that

12

Whitefield engaged in a pattern of racketeering.

13

Even in further amending the complaint, Plaintiff fails to cure this fundamental deficiency.

14

There simply is no pattern alleged.  The only new allegations regarding Whitefield's relevant

15

conduct are that he ran an antique shop, and that his call to a wine distributor led to a "sting

16

operation" in March 2014, which led to defendant Pina's arrest, prosecution and incarceration. *See*

17

SAC ¶¶22(c), (f).  Plaintiff then fabricates out of thin air an allegation that "[p]laintiff believes that

18

defendants Whitefield and/or Borges were involved" with the alleged theft of wine by Pina from

19

another warehouse in 2015, without pleading any fact showing such a "belief" to be anything but

20

unfounded speculation.  SAC ¶22(e).

21

Given that Plaintiff alleges that Whitefield was involved in the "sting operation" that led to

22

Pina's conviction in March of 2014, it is completely ludicrous to allege that Whitefield had any

23

involvement with Pina in 2015.  Regardless of Plaintiff's far-fetched beliefs, there simply is no fact

24

alleged that makes it plausible that Whitefield would have anything to do with Pina in 2015, much

25

less buy wine from Pina, who was being criminally prosecuted for wine theft.

26

These limited new allegations regarding Whitefield's conduct are insufficient to establish

27

that Whitefield's alleged conduct was continuous and constituted a pattern under the RICO Act.

28

///

10

1

2

### a. The Facts Alleged Are Insufficient To Establish Closed-Ended Continuity.

3

4        When "the criminal activity spanned a 'substantial period of time' and demonstrates 'long

term criminal conduct,'" there is closed-ended continuity.  *Allwaste, Inc. v. Hecht*, 65 F.3d 1523,

5    1528 (9th Cir. 1995); *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 366 (9th Cir. 1992).

6    Closed-ended continuity is not satisfied when the "[p]redicate acts extend[] over a few weeks or

7    months . . . ."  *H.J. Inc.*, 492 U.S. 229, 242 (1989); *Allwaste, Inc.*, 65 F.3d at 1527–28; *see also*

8    *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004); *Eclectic Props. East, LLC v. Marcus &*

9    *Millichap Co.*, 2012 U.S. Dist. LEXIS 28865, at *32 (N.D. Cal. Mar. 5, 2012), *affirmed*, 751 F.3d

10   990 (9th Cir. 2014) ("We have found no case in which a court has held the requirement to be

11   satisfied by a pattern of activity lasting less than a year.") (quoting *Religious Tech. Ctr.*, 971 F.2d at

12   366-67).  Pleading continuity requires allegations of specific facts identifying the specific improper

13   activities and when they occurred; it is insufficient to merely allege generic statements that activity

14   was or is ongoing.  *See Howard v. America Online Inc.*, 208 F.3d 741, 750 (9th Cir. 2000) (an

15   allegation of "improper activities continue even at the present, in the form of misleading

16   advertisements" is "conclusory . . . [and] insufficient to preclude dismissal.").

17       Here, the specific facts alleged in the SAC related to Whitefield's conduct still show that

18   Whitefield's alleged conduct occurred, at most, only over a few weeks.  Exhibit A to the SAC are

19   eight checks issued from WOW to Borges, purportedly for wine, that span only a period of <u>less than</u>

20   <u>three weeks</u>, from February 20 – March 10, 2014.  SAC ¶ 22(g), Ex. A.  Exhibits B and C to the

21   SAC each contain a spreadsheet listing the types and amounts of wines Borges allegedly received or

22   ordered, and then distributed to Shemali, consisting of invoices and shipments spanning only <u>17</u>

23   <u>days</u>.  SAC ¶ 22(j), Exs. B and C.  Exhibit D contains shipping labels allegedly from defendants

24   Borges or WOW to defendants Myers, Rodríguezes and Sandi's Pet Place, but only on or about

25   February 24 and March 17, 2014.  SAC ¶22(l).  Moreover, the SAC specifically references a "sting

26   operation" involving Whitefield that occurred in March 2014.  SAC ¶22(f).  Thus, in total, the

27   specific facts alleged showing Plaintiff's wine going to Borges evidence activity occurring only

28   between February and March, 2014.

11

The SAC claims that Pina has admitted to taking wine prior to February 2014.  SAC ¶22(b).  However, there are no facts alleged showing that any wine was actually was taken in 2013 or that Whitefield was involved.  *Id.*  Tellingly, Plaintiff does not reference or mention any of its own inventory records as reflecting wine having gone missing at any time prior to February 2014 or after March 2014.  Plaintiff cannot allege that "more than $1 million" in wine went missing over the entire year of 2013 and the first few months of 2014 without any factual basis or support.

The only allegations related to Whitefield's alleged participation in the theft of wine occur over a few weeks in February and March 2014.  The SAC therefore fails to plead facts sufficient to establish close-ended continuity.

### b.   The Facts Alleged Are Insufficient To Establish Open-Ended Continuity.

Open-ended continuity requires that the alleged unlawful acts pose a threat of continued activity.  *See e.g.*, *H.J. Inc.*, 492 U.S. at 239; *Turner*, 362 F.3d at 1229.  "[T]he mere fact that the *effects* of defendants' unlawful acts are ongoing does not make the scheme 'continuous.'"  *Richardson v. Reliance Nat'l Indem. Co.*, Case No. 2:14-4132, 2000 U.S. Dist. LEXIS 2838 at *22-23 (C.D. Cal. Jan. 12, 2015) (emphasis in original) (internal citations omitted).

The SAC pleads that the criminal wrongdoing is ongoing because Pina is alleged to have taken wine from a different warehouse in 2015 that was later found for sale by Shemali and his entities.  SAC ¶¶ 21(b), (e).  This allegation has nothing to do with Whitefield.  Whitefield's last involvement with the scheme is alleged to have occurred in March 2014, during the "sting operation" that led to Pina's criminal conviction.  Plaintiff has failed to plead any facts establishing a threat that Whitefield's alleged conduct will continue.  *See Howard*, 208 F.3d at 750.

### 3.   The SAC Does Not Allege Facts Sufficient To Show That An Enterprise Existed.

An enterprise may be a legal entity, or it may be an association-in-fact.  18 U.S.C. § 1961(4).  Plaintiff previously claimed only to be pleading an association-in-fact enterprise.  *See* ECF No. 96, ¶21(a).  While Plaintiff has now abandoned that theory by removing the language that was in paragraph 21(a) of the First Amended Complaint, the SAC fails to allege that the "wine theft ring"

12

DEFENDANT EDWIN WHITEFIELD'S NOTICE OF MOTION AND MOTION TO DISMISS          CASE NO.: 3:15-CV-05309-EMC
THE SECOND AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES
DM2\7277970.4

1    constituted a legal entity.  *Compare* SAC ¶22(a), *with* ECF No. 96 ¶21(a).  Because there are no

2    facts pled showing or even suggesting that the alleged "wine theft ring" was a legal entity, it remains

3    clear that Plaintiff is claiming that an association-in-fact enterprise existed.

4         An association-in-fact enterprise is "a group of persons associated together for a common

5    purpose of engaging in a course of conduct," which must be proved by "evidence of an ongoing

6    organization, formal or informal," and "evidence that the various associates function as a continuing

7    unit."  *Odom v. Microsoft Corp.*, 486 F.3d 541, 552 (9th Cir. 2007) (quoting *United States v.*

8    *Turkette*, 452 U.S. 576, 583 (1981)).  There are three necessary elements to an association-in-fact

9    enterprise: (1) a common purpose for engaging in a course of conduct; (2) an ongoing organization;

10   and (3) that the various associates function as a continuous unit.  *Id.* at 552-553.  The predicate acts

11   constituting a pattern of racketeering are not evidence establishing the enterprise's existence.  *Doan*

12   *v. Singh*, 617 Fed. Appx. 684, 686 (9th Cir. 2015) (unpublished) ("The 'enterprise' is not the 'pattern

13   of racketeering activity'; it is an entity separate and apart from the pattern of activity in which it

14   engages.") (quoting *Turkette*, 452 U.S. at 583); *Odom*, 486 F.3d at 549 ("'Enterprise' and 'pattern of

15   racketeering activity' are separate elements that require separate proof.").

16        The SAC does not allege that the defendants' purported association-in-fact enterprise had any

17   "common purpose," the first element necessary for an association-in-fact enterprise.  *See* SAC

18   ¶22(a); *see Odom*, 486 F.3d at 552.  The absence of a "common purpose" for the alleged association-

19   in-fact enterprise is fatal to Plaintiff's claims under RICO.  *See Ellis v. JP Morgan Chase & Co.*,

20   Case No. 12-cv-03897, 2015 WL 78190, at *4-6 (N.D. Cal. Jan. 6, 2015).  If there is no "common

21   purpose," then there is nothing distinguishing an association-in-fact enterprise from a series of

22   commercial transactions between individuals.  *See id.* ("Section 1962(c) liability 'depends on

23   showing that the defendants conducted or participated in the conduct of the 'enterprise's affairs,' not

24   just their own affairs.'") (quoting *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163

25   (2001); *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993)).

26        Moreover, proof of an enterprise must be separate from proof of a pattern of racketeering

27   activity.  *Odom*, 486 F.3d at 549.  The pattern of alleged racketeering activity cannot also be the

28   enterprise's common purpose.

1    Without articulating any cognizable common purpose, and without factual allegations

2    plausibly indicating that the defendants actually shared the same goal, the SAC fails to allege facts

3    sufficient to establish an association-in-fact enterprise.

4              **4.    The SAC Does Not Allege Facts Sufficient To Show Whitefield Acquired
                       An Interest In Or Control Over the Enterprise Under 18 U.S.C. §**

5              **1962(b).**

6              If the Court does not find that the SAC sufficiently alleges that Whitefield committed

7    "racketeering activity" or a pattern of such activity, there can be no claim under section 1962(b).

8    But aside from Plaintiff's failure to plead Whitefield committed "racketeering activity," the Section

9    1962(b) RICO claim should be dismissed because Whitefield did not maintain an interest in or

10   control of the RICO enterprise.

11             A claim under Section 1962(b) requires allegations plausibly establishing that "1) the

12   defendant's activity led to its control or acquisition over a RICO enterprise, and 2) an injury to

13   plaintiff resulting from defendant's control or acquisition of a RICO enterprise."  *Wagh v. Metris*

14   *Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003) (internal quotation marks and citation omitted).

15   Individual defendants who are allegedly part of an association-in-fact enterprise, like Whitefield,

16   cannot maintain an interest in that association-in-fact enterprise, by definition.  *See Odom*, 486 F.3d

17   at 552; *see also* ECF Nos. 102 p. 14:8-13; 131 p. 17; and, 133 p. 9:9-20.

18             There is no fact alleged showing that Whitefield's conduct led him to control or acquire any

19   interest in the informal, association-in-fact "wine theft ring."  Because Whitefield had no control or

20   interest in the alleged association, the second element also fails.  Plaintiff has not (and cannot) claim

21   any injury resulting from Whitefield's nonexistent control over the alleged association.   The first

22   cause of action, pled under 18 U.S.C. § 1962(b) must be dismissed with prejudice.

23             **5.    The SAC Does Not Allege Facts Sufficient To Show Whitefield
                       Participated In The Conduct Of The Affairs of Any Enterprise Under 18**

24             **U.S.C. § 1962(c).**

25             Under section 1962(c), a defendant must have "conduct[ed] or participate[d], directly or

26   indirectly, in the conduct of such enterprise's affairs."  18 U.S.C. § 1962(c).  The Supreme Court has

27   defined that phrase as requiring that "one must have some part in *directing* those affairs."  *Reves v.*

28   *Ernst & Young*, 507 U.S. 170, 179 (1993) (emphasis added); *see also Walter v. Drayson*, 538 F.3d

14

1244, 1247 (9th Cir. 2008) ("[The Supreme Court] rejected Reves's position that 'conduct' should be read as 'carry on' so that almost any involvement would do.  Instead, it concluded that the word 'conduct,' used twice in section 1962(c), 'requires an element of direction.'").

In *Drayson*, there was "no doubt that [defendant] was involved as an alleged part of the enterprise," yet the Ninth Circuit affirmed dismissal of the second amended complaint, because the defendant was not alleged to (1) give or take direction in the enterprise, (2) occupy a position in the "chain of command", (3) knowingly implement the decisions of upper management of the enterprise, or (4) be indispensable to the achievement of the enterprise's goal.  *Drayson*, 538 F.3d at 1249 (being "involved as an alleged part of the enterprise" was not sufficient to establish the "conduct" requirement under section 1962(c), even in the context of an association-in-fact enterprise).

The SAC does not allege any facts showing that Whitefield directed the conduct of others.  Pina is alleged to have taken the wine from Plaintiff, his employer, with unspecified "assistance" from Whitefield, but Plaintiff does not allege that Whitefield directed Pina in any way.  *See* SAC ¶22(b).  The SAC affirmatively claims that defendants Borges, Shemali, WOW and Tri-Cities identified the desired wines, but Whitefield is not alleged to have played any role in this decision-making.  SAC ¶22(k).  There are no allegations whatsoever that Whitefield occupied a position in the chain of command or that he knowingly implemented the decisions of upper management of the enterprise.

Whitefield's alleged participation in the enterprise is – at best – non-essential.  Plaintiff previously alleged that Pina used Whitefield's truck on one occasion, but the SAC now alleges that Pina used multiple trucks, only one of which allegedly belonged to Whitefield.  SAC ¶22(b).  Moreover, the SAC alleges that Pina was able to carry-on similar wine theft activity in 2015 without any assistance from Whitefield.  SAC ¶¶22(e), (f).  Nor is Whitefield alleged to have played any essential role in the transfer of wine among the other defendants.  Defendant Borges is alleged to have "immediately sold the wine to Shemali and his entities, WOW and Tri-Cities, who then immediately re-sold significant amounts . . . to Belmont Wine Exchange and Myers."  SAC ¶22(g).  Whitefield is not alleged to have been involved in any of the distribution activities of the other defendants.  SAC ¶¶22(g) – (r).  Plaintiff's claims under Section 1962(c) fail because there are no

1    allegations establishing that Whitefield had any part in directing the affairs of the alleged enterprise.

2         **6.    The SAC Does Not Allege Any Injuries Caused By Racketeering Acts.**

3         Because the SAC fails to allege that Whitefield committed any racketeering activity, the SAC

4    also necessarily fails to allege facts sufficient to show that its alleged injuries were caused by

5    racketeering activity by Whitefield.  Further, the injuries that Plaintiff claims it suffered were caused

6    by non-racketeering activity -- Pina's theft of wine.

7         It is well established that to state a civil claim under RICO, a plaintiff must adequately allege

8    facts showing that predicate racketeering acts were both the "but for" cause and the proximate cause

9    of the alleged injury.  *Hemi Group, LLC v. City of New York*, 559 U.S. 1, 9 (2010) ("the plaintiff is

10   required to show that a RICO predicate offense 'not only was a 'but for' cause of his injury, but was

11   the proximate cause as well.'") (quoting *Holmes v. Securities Investor Protection Corporation*, 503

12   U.S. 258, 261 (1992)); *see also Sedima S.P.R.L. v. Imrex Co. Inc.*, 473 U.S. 479, 496 (1985)

13   ("Conducting an enterprise that affects interstate commerce is obviously not in itself a violation of

14   section 1962, nor is mere commission of the predicate offenses.").

15        Plaintiff alleges that it suffered the following injuries: the lost value of the stolen wine, the

16   inability to resell what wine was recovered, loss of good will among its storage customers, and the

17   costs of increased security and investigating the alleged theft.  SAC ¶28.  All of these losses are

18   caused by the alleged theft of the wine by Pina.  Theft is not "racketeering activity" under 18 U.S.C.

19   § 1961(1)(A), so the SAC fails to allege injuries caused by racketeering activity.

20        **C.    THE THIRD CAUSE OF ACTION SHOULD BE DISMISSED BECAUSE
            PLAINTIFF FAILS TO PLEAD FACTS SUFFICIENT TO ESTABLISH A
21           RICO CONSPIRACY CLAIM UNDER 18 U.S.C. § 1962(d).**

22        The SAC's failure to adequately allege the elements of a substantive offense under sections

23   1962(b) or (c) requires dismissal of Plaintiff's third cause of action, a RICO conspiracy claim.  *See*

24   *e.g.*, *Howard*, 208 F.3d at 751 ("Plaintiffs cannot claim that a conspiracy to violate RICO existed if

25   they do not adequately plead a substantive violation of RICO.").  Even if the SAC adequately

26   alleged substantive violations of RICO, which it has not, it fails to allege facts sufficient to establish

27   conspiracy liability against Whitefield.

28   ///

### 1.   The SAC Fails To Plead Facts Showing That Whitefield Agreed To Conduct That Constitutes A Violation Of The RICO Act.

To be liable for a RICO conspiracy, the defendant must "knowingly agree[] to facilitate" "an endeavor which, if completed, would satisfy all of the elements of a [RICO substantive claim] . . . ." *See Salinas v. United States*, 522 U.S. 52, 64–65 (1997); *United States v. Fernandez*, 388 F.3d 1190, 1230 (9th Cir. 2004). To survive a motion to dismiss, the complaint must sufficiently allege either (1) that the defendant knowingly agreed to facilitate a scheme which would be "a substantive violation of RICO or [(2)] that the defendant[s] agreed to commit, or participated in, a violation of two predicate offenses." *E.g.*, *Howard*, 208 F.3d at 751. Because the SAC does not allege that Whitefield agreed to commit or participate in any predicate racketeering offenses, *see* Section III.B.1., *supra*, the SAC must sufficiently allege that Whitefield knowingly agreed to facilitate a scheme that would be a substantive violation of RICO, to prevent dismissal of the third cause of action.

Whitefield is not alleged to have planned for the wines to be purchased from Pina, nor is he alleged to have participated in the other defendants' alleged interstate transportation of that wine, *see* SAC ¶¶22(g)-(r). There are simply no facts establishing that Whitefield knowingly facilitated a scheme that would be a substantive violation of RICO. At most, the SAC alleges that Whitefield "assisted" and "facilitated" Pina's theft of wine, for which he was allegedly compensated. *See* SAC ¶¶22(b) and (n). Mere theft is not a violation of RICO. Without more, the SAC does not allege facts on which it is plausible (and not merely possible) that Whitefield agreed to a scheme that would be a substantive violation of RICO.

### 2.   The SAC Also Fails To Allege Facts Sufficient To Show That Plaintiff Suffered Injury From A RICO Predicate Offense Required Under The Overt-Act-Injury Rule.

In *Beck v. Prupis*, 529 U.S. 494 (2000), the Supreme Court announced what is known as the Overt-Act-Injury Rule, which requires that a plaintiff alleging a claim of RICO conspiracy must still show injury caused by an act of racketeering. *Beck*, 529 U.S. at 507 ("[A] person may not bring suit under section 1964(c) predicated on a violation of section 1962(d) for injuries caused by an overt act that is not an act of racketeering.").

Because the injuries Plaintiff alleges it suffered all derive from non-racketeering activity (the theft),  *see* SAC ¶¶28, 43; *see also* Section III.B.6., *supra*, the SAC fails to allege injuries caused by racketeering activity and the third cause of action for a RICO conspiracy should be dismissed.

**D.      THE FOURTH, FIFTH AND SIXTH CAUSES OF ACTION (STATE LAW CLAIMS) SHOULD BE DISMISSED.**

**1.      The Fourth Cause Of Action For Unlawful Business Acts Fails Because It Is Predicated On Plaintiff's Other Causes Of Action That Themselves Fail To State Claims For Relief.**

"Unfair competition" is statutorily defined as "includ[ing] any unlawful, unfair or fraudulent business act or practice . . . ."  Cal. Bus. & Prof. Code, § 17200.[7]  The SAC expressly alleges that Plaintiff's unfair competition claim is based on allegedly "unlawful" conduct, not "unfair" or "fraudulent" conduct.  SAC ¶¶ 48, 50 ("The violations of unlawful conduct detailed above . . . As a result of this unlawful conduct, Plaintiff has been damaged . . .").  "Unlawful" business acts "include[] 'anything that can properly be called a business practice and that at the same time is forbidden by law.'"  *E.g.*, *People v. McKale*, 25 Cal.3d 626, 632 (1979); *Hale v. Sharp Healthcare*, 183 Cal.App.4th 1373, 1382–83 (Cal. Ct. App. 2010).

To adequately plead a claim under California Business & Professions Code section 17200, a plaintiff must allege facts establishing all elements of the alleged predicate unlawful conduct.  *See Progressive West Ins. Co. v. Yolo County*, 135 Cal.App.4th 263, 277-78 (Cal. Ct. App. 2005) (finding that allegations of predicate unlawful conduct that failed to plead facts establishing each element of the alleged predicate offense could not sustain a cause of action under section 17200.).

The SAC identifies three alleged violations of law on which its unfair competition claim is predicated: receipt of interstate stolen property under 18 U.S.C. § 2315; mail fraud under 18 U.S.C. § 1341; and, the tort of conversion.  SAC ¶ 48.  As explained above, Plaintiff has failed to allege that Whitefield violated 18 U.S.C. §§ 1341, or 2315.  *See* Sections III.B.1.a. and III.B.1.b., *supra*.

The SAC also fails to plead facts sufficient to establish a claim of conversion against

---

[7] "Unfair competition" is also defined as including "unfair, deceptive, untrue or misleading advertising and any act prohibited by [Bus. & Prof. Code 1§ 7500 *et seq.*]."  Cal. Bus. & Prof. Code, § 17200.  Those additional definitions, regarding false or misleading advertising, are inapplicable here.

1  Whitefield.  The elements of "conversion" in California are "(1) the plaintiff's ownership or right to

2  possession of personal property; (2) the defendant's disposition of the property in a manner that is

3  inconsistent with the plaintiff's property rights; and (3) resulting damages." *Regent Alliance Ltd. v.*

4  *Rabizadeh*, 231 Cal.App.4th 1177, 1181 (Cal. Ct. App. 2014) (quoting *Fremont Indemnity Co. v.*

5  *Fremont General Corp.* 148 Cal.App.4th 97, 119 (Cal. Ct. App. 2007)).

6       The facts alleged in the SAC are insufficient to establish a claim of conversion against

7  Whitefield.  The SAC claims that on 5-10 occasions defendant Pina physically took the wine from

8  Plaintiff (his employer).  SAC ¶¶22(b) ("Pina . . . was the individual who actually removed the

9  stolen wine from Plaintiff's warehouse . . .") and (f) ("Pina stole wine from Plaintiff's facility 5-10

10  separate occasions . . .").  Whitefield is not alleged to have taken the wine himself, but instead

11  Plaintiff states in vague terms that Pina's taking of the wine was with "assistance and facilitation" of

12  Whitefield and Borges.  *Id*.  Still, despite having amended for a second time, the only specifics pled

13  as to what "assistance and facilitation" Whitefield allegedly provided, is that Pina made use of

14  trucks, one of which was allegedly owned by Whitefield.  SAC ¶22(b).  Lending use of a truck does

15  not amount to conversion of the wine Pina allegedly took, nor does it plausibly suggest that

16  Whitefield knowingly agreed to Pina wrongfully taking wine from Pina's employer (Plaintiff).[8]

17       Whitefield is also alleged to have provided Pina with payments for the wine.  SAC ¶22(n).

18  Again, this allegation does not establish any of the three necessary elements of conversion as to

19  Whitefield, particularly as Plaintiff alleges that Borges immediately sold the wine, SAC ¶22(g), and

20  Borges provided the payments that Whitefield gave to Pina.  SAC ¶(n).  Nor does the allegation that

21  Whitefield provided payment to Pina plausibly suggest that Whitefield knowingly agreed to Pina

22  *wrongfully* taking wine.  Pina was employed by Plaintiff's wine services company and Whitefield

23  has no commercial expertise in the wine market.  SAC ¶¶7, 22(b) and (c).  Finally, the fact that

24  Whitefield allegedly called the distributor of a particular wine regarding the wine's packaging and

25  offered to sell such wine to the distributor actually confirms that Whitefield had no knowledge that

26

27  [8] A civil conspiracy requires proof of an agreement among the conspirators to commit wrongful acts, in addition to proof of the commission of wrongful acts; and, resulting damage.  *See People v.*

28  *Beaumont Inv., Ltd.*, 111 Cal.App.4th 102, 137 (Cal. Ct. App. 2003).

19

such wine was stolen, and therefore could not have knowingly agreed to convert Plaintiff's wine. SAC ¶22(f).

As none of the facts alleged against establish the necessary elements of conversion, Plaintiff has also failed to state a claim for unlawful business practice predicated on conversion.

### 2.   The Fifth Claim Fails to Allege Facts Sufficient To Show Whitefield Committed Or Conspired To Commit Conversion.

Plaintiff alleges that all of the defendants are liable for civil conspiracy to commit conversion.  SAC ¶53.  To establish civil conspiracy, California law requires proof of: (1) an agreement to commit wrongful acts; (2) commission of wrongful acts; and, (3) damage resulting from the operation of conspiracy.  *People v. Beaumont Inv., Ltd.*, 111 Cal.App.4th 102, 137 (Cal. Ct. App. 2003).  "Participants in a conspiracy also must know that their conduct is wrongful."  *Id.*

Plaintiff has not alleged facts plausibly showing that Whitefield knowingly agreed to commit any wrongful acts, including conversion.  The vague allegations of "assistance and facilitation" of Pina's alleged theft are specified only with Whitefield allegedly lending use of his truck to Pina. SAC ¶22(b), (f).  Nothing about the alleged use of Whitefield's truck suggests that Whitefield *plausibly*, not just possibly, knew Pina was unauthorized to take the wine from his employer and agreed to such wrongful conduct.  Pina was an employee of an allegedly large wine services business, SAC ¶¶7, 22(b), an industry about which Whitefield has no expertise.  SAC ¶22(c).  The alleged payment of Pina with money from Borges also does not rise to the level of showing that Whitefield *plausibly*, and not just possibly, knew of and agreed to Pina's wrongful conduct.  SAC ¶22(n).  Likewise, Whitefield's alleged call to a distributor of a wine to ask about packaging and his alleged offer to sell back wine does not show that Whitefield knew of or agreed to any wrongful conduct.  SAC ¶22(f).  In fact, such alleged conduct implies that Whitefield had no knowledge whatsoever that the wine was stolen.

The SAC's other vague and conclusory statements that Whitefield "assisted and facilitated" or "orchestrated" theft, or shipped "other wine," do not allege sufficient facts to adequately plead the elements of conspiracy to commit conversion as to Whitefield.  There are no facts showing an agreement between Whitefield and the other defendants.  There are no facts showing Whitefield

20

1
2
3

knew the conduct of others was unlawful.  There are no facts showing Whitefield himself knowingly participated in any unlawful conduct.  The SAC fails to state a claim for conspiracy of conversion as to Whitefield.

4
5

### 3. The Sixth Claim Fails To Allege Facts Sufficient To Show Whitefield Committed A Violation Of California Penal Code Section 496(a).

6
7
8
9
10
11

Plaintiff's sixth cause of action is an alleged violation of California Penal Code section 496(a).  SAC ¶64-65.  Under Section 496(a), it is illegal to "buy[] or receive[] any property that has been stolen or that has been obtained in any manner constituting theft or extortion, *knowing the property to be* stolen."  Cal. Pen. Code, § 496(a) (emphasis added).  Knowledge that the goods were procured by theft is a necessary element to Section 496(a).  *See* SAC ¶64 (quoting *People v. Stuart*, 272 Cal.App.2d 653, 656 (Cal. Ct. App. 1969)).

12
13
14
15
16
17
18
19
20
21
22

Plaintiff has not alleged facts plausibly showing that Whitefield knew any wine he bought or received had been stolen.  In fact, the reasonable inference from the facts alleged in the SAC is that Whitefield did not know that any property was stolen.  Whitefield's alleged lending of his truck to Pina and his payment to Pina from money received from Borges do not show that Whitefield plausibly knew the wine was stolen.  When considered in the context in which Plaintiff alleges this conduct took place – that Whitefield was not experienced with the wine industry and that Pina was an employee and agent of Plaintiff's wine services company – the facts establish the opposite, that Whitefield had no reason to believe the wine was stolen.  SAC ¶22(b), (c).  The allegations of the SAC further support this conclusion.  The SAC claims that Whitefield made a phone call to a distributor regarding the distributor's packaging and offered to sell wine to that distributor, strongly suggesting that Whitefield had no knowledge the wine was stolen.  SAC ¶22(f).

23
24
25

As the SAC does not allege facts showing Whitefield knew the wine from Pina had been stolen, and actually pleads facts that suggest the opposite, the SAC fails to state a claim under California Penal Code section 496(a).

26

///

27

///

28

///

21

**E.     PLAINTIFF'S CLAIMS SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND AND WITH PREJUDICE.**

The SAC's claims against Whitefield should be dismissed with prejudice.  Dismissal with prejudice is proper where the plaintiff has previously been allowed to amend its complaint and "fail[s] to state what additional facts [it] would plead if given leave to amend . . . ."  *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1052 (9th Cir. 2008).  Plaintiff has now had three separate opportunities to state a claim for relief.  The Court provided specific guidance after the First Amended Complaint was dismissed with leave to amend, yet Plaintiff failed to cure the many fatal defects in the causes of action plead against Whitefield.  The claims against Whitefield in the SAC should now be dismissed, with prejudice.

**IV.     CONCLUSION**

The SAC fails to plead facts sufficient to establish any of the five claims alleged against Whitefield.  Accordingly, and for all the foregoing reasons, Defendant Edwin Whitefield respectfully requests the Court enter an order dismissing the Second Amended Complaint, with prejudice.

Dated:  November 10, 2016                      DUANE MORRIS LLP

                                               By:_____ */s/ Brendan Ruddy*_____
                                               JENNIFER BRIGGS FISHER
                                               BRENDAN RUDDY

                                               Attorneys for Defendant
                                               EDWIN WHITEFIELD